# MARCH, 1920.

GULF, COLORADO & SANTA FE RAILWAY COMPANY v. MRS LILLIE M. BENNETT, ADMINISTRATRIX, ET AL.

No. 2609. Decided March 3, 1920.

(219 S. W., 197.)

1.—Negligence—Proximate Cause.

Negligence of a railway company causing a fire could not be held the proximate cause of the death of an employe by injuries by such fire received

while endeavoring to extinguish it. Seale v. Gulf, C. & S. F. Ry. Co., 65 Texas 274, and Texas & P. Ry. Co. v. Bigham, 90 Texas, 223, followed. (Pp. 269, 270.

### 2.—Same—Test of Remoteness.

The test of the question whether a consequence of negligence is a proximate or a remote result is, whether the defendant ought reasonably to habe foreseen such consequence. (P. 270).

### 3.—Negligence—Inexperienced Servant—Direction of Superior.

In sudden emergency, such as a large fire, producing danger and excitement and threatening great destruction of property, the ordinary actions of men in such situations furnish reliable standards of duty. Time does not admit of inquiry as to a man's previous experience in fighting fire, and negligence cannot be predicated on the act of directing an employee into a place of exposure to heat, with due warning against remaining there too long, though he had only the experience of the ordinary man in regard to the danger of such exposure. (P. 270).

### 4.—Same.

No evidence warranting the submission of the question of negligence to the jury was furnished by the fact that an employee engaged in extinguishing a fire was requested by his superiors directing that work to relieve others in a place where he would be exposed to great heat, with the caution when he got too hot or tired to get out and let others relieve him, though in so doing he remained until receiving injuries from the heat which caused his death. (P. 270).

### 5.—Negligence—Exposure to Fire.

No proof warranting the submission of the issue of negligence appeared from the fact that at the request of one fighting fire in a place exposed to great heat water was thrown over him to counteract its effect, the proof showing that to be a proper thing to do, and injurious only as leading him to underrate the effect of the heat and voluntarily remain too long exposed to it. (P. 271).

Error to the Court of Civil Appeals for the Second District, in an Appeal from Johnson County.

Mrs. Bennett, as administratrix, and also in her own right as widow and on behalf of their minor children, sued the Railway Co. for damages by death of H. C. Bennett, an employee, by alleged negligence of defendant. The defendant company had judgment as directed by a peremptory charge. Plaintiff appealed and secured a reversal (Bennett, Admrx. v. Gulf, C. & S. F. Ry. Co., 159 S. W., 132). The Company thereupon obtained writ of error.

*Terry, Caven & Mills, Brown & Lockett,* and *Lee & Lomax,* for plaintiff in error.—Negligence can only be predicated on a breach of duty. H. & T. C. Ry. Co. v. Alexander, 132 S. W., 120. The discharge of a duty can never be the basis for a charge of negligence. H. & T. C. Ry. Co. v. Alexander, 132 S. W., 120.

It was not only the right of the defendant to call upon its adult employees to aid in extinguishing a fire that threatened the destruc-

tion of its property, but when there was any possibility of the fire spreading to the property of others, it was the absolute duty of the defendant to use every means available to it to put out the fire, and in so doing, to call on all of its loyal employees to aid, and the fact that it did so call on its employees did not lay it open to a charge of negligence. 19 Cyc., Fires, pp. 979, 983.

It is the civic duty of every intelligent able-bodied adult male to respond without call and aid in stopping and averting the consequences of fires, floods and all other like catastrophes, and it is no more negligence to call on able-bodied adult males so to do, than it would be to call on such parties to put down a riot or protect the life of a prisoner, and negligence cannot be predicated on such a call. 19 Cyc., 979, 983.

That Bennett may not have had any special experience in fighting fires is not material. The majority of men do not have such experience. He was, however, a man over forty-one years of age, sound in body and mind, with seven years active work and experience in the bridge and building department of a railroad company, and certainly, in the light of these facts, equipped beyond the ordinary citizen to guard himself against those dangers incident to a large fire, of which practically every intelligent adult male has knowledge. San Antonio Gas Co. v. Robinson, 93 Texas, 503; Hightower v. Gray, 83 S. W., 254; Brown v. Miller, 62 S. W., 547.

Persons called upon to meet great emergencies, involving great danger and peril to property and person, when the situation does not allow time for mature deliberation, are not to be charged or measured by the same rules that would apply when no emergency existed. 29 Cyc., 434; H. & T. C. Ry. Co. v. Fowler, 56 Texas, 452.

And certainly the inexperience, if any, on the part of an adult able-bodied male in fighting fire cannot be of avail as establishing negligence on the part of the master unless such inexperience is shown to have been known to the master, or the party acting for the master, in calling on the party injured to go into danger. G. H. & S. A. Ry. Co. v. Hughes, 54 S. W., 266; T. & N. O. R. Co. v. Sherman, 87 S. W., 887.

It is not negligence on the part of a master calling his servants to assist in fighting a fire, to do that which experience has taught to be the safe and proper thing for the protection of those fighting the fire and the thing necessary to do to enable them to fight the fire, to-wit: to throw water on them; and a charge of negligence cannot be predicated upon the fact that the master did throw water upon his employees fighting the fire at his call, to protect them from the effects of the fire and to enable them to properly discharge their duties as citizens and loyal employees. H. & T. C. Ry. Co. v. Alexander, 132 S. W., 120.

The order to Bennett, if it be conceded that such order was given, implied no more than that he should render such assistance as

he could without risk of injury to himself. There is no basis for the inference that any more than this was intended or expected, and therefore, no basis for an inference of negligence. T. & N. O. R. Co. v. Sherman, 87 S. W., 887.

Though it was not shown as a fact that Bennett undertook to fight the fire acting under any order of the defendant, still if such inference can fairly be indulged in, then, under the testimony of Harry Huffman, which furnishes the only basis for such inference, it is shown that when Bennett first undertook this work, and repeatedly thereafter, he was told not to remain until he became too hot or too tired, and when he reached this point to retire and let others relieve him Any inference of negligence, therefore, that could be drawn from the further inference that Bennett fought the fire because he was commanded to do so, is destroyed by the direct proof that he was repeatedly told to have regard for his own physical well being and to quit before injury resulted to him. La. West. Ext. Ry. Co. v. Carstens, 47 S. W., 36.

The command to fight the fire was inseparably coupled with the injunction to those who undertook this work that they should not remain until they became too hot or too tired. That one should disregard a natural instinct of self-preservation, and the warning thus given, was not reasonably to have been contemplated, and the result which followed in Bennett's case was not a proximate result, nor should the jury have been permitted to find that it was. Bennett's intervening act in so undertaking the work of fighting the fire as to expose himself to fatal injury became the proximate cause of his death, and the negligence, if any, in commanding him to fight the fire became a remote cause. Under the undisputed evidence, the Court of Appeals should have so held as a matter of law. Seale v. Gulf C. & S. F. Ry. Co., 65 Texas, 274; Newsome v. S. W. T. & T. Ry. Co., 47 S. W., 667.

A man of mature years cannot plead inexperience in a matter of common knowledge, as in this case the danger incident to fighting fire, nor can those claiming under him avail themselves of such plea. Hightower v. Gray, 83 S. W., 254; I. & G. N. Ry. Co. v. Arias, 30 S. W., 446.

There was no proof to show that the defendant had knowledge of any inexperience on Bennett's part. In the absence of such knowledge, and in the exercise of ordinary care and common sense, the defendant could presume that Bennett did not lack such intelligence and experience as would have advised him fully as to the risk which he was exposed to. G. H. & S. A. Ry. Co. v. Hughes, 54 S. W., 224.

The proof in this case does not establish "inexperience" on the part of Bennett, as that term is used in the law. It was not necessary for Bennett to have had actual experience in fighting large fires in order that he should have been advised that the greater

the fire the greater the heat and the greater the heat the greater the risk incident to coming in close contact with it or remaining in contact with such heat too long. T. & N. O. Ry. Co. v. Sherman, 87 S. W., 887; San Antonio Gas Co. v. Robinson, 93 Texas, 503.

Where the uncontradicted evidence of plaintiffs' own witnesses established that the pouring of water on the men was the *proper* thing to do, the charge of negligence in that respect was not sustained, nor can a recovery be had for injury resulting therefrom. H. & T. C. Ry. Co. v. Alexander, 132 S. W., 120.

That it is the duty of one on whose premises fire starts to use all available means to put out the fire, and to that end to call to his assistance his employees and those under his control. S. A. & A. P. Ry. Co. v. Moerbe, 189 S. W., 128; Mo. Pac. Ry. Co. v. Platzer, 73 Texas, 117; St. L. S. W. Ry. Co. v. Anderson, 173 S. W., 908; Burke v. Parker, 64 N. W., 1065; H. & T. C. R. Co. v. Fowler, 56 Texas, 452; Logan v. Wabash Ry. Co., 70 S. W., 734; Texas & N. O. Ry. Co. v. Sherman, 87 S. W., 888.

*Stone & Wade,* and *S. C. Padelford,* for defendant in error.— Under the law of this State it is the exclusive province of the jury to pass upon and to judge of the credibility of the witnesses and the weight of the testimony, and if there is any slight evidence tending to establish an issue or bearing upon a controverted question, it is the duty of the trial court to submit this issue thus raised to the jury, and not to take it from the jury and peremptorily and in the face of such testimony, instruct a verdict. Heatherly v. Little, 40 S. W., 445; Railway Co. v. Saddler, 149 S. W., 1191; Houston Belt & Term. Ry. Co. v. O'Leary, 136 S. W, 605; Railway Co. v. Duncan, 88 Texas, 61; Railway Co. v. Johnson, 51 Texas, 531; Serafina v. Railway Co., 42 S. W., 142; Temple Elec. L. Co. v. Halliburton, 136 S. W., 587; Railway Co. v. McKenzie, 78 Texas, 298; Highland v. Railway Co., 65 S. W., 649; Henry v. Railway Co., 67 Fed., 426; Rajnowski v. Railway Co., 78 Mich., 681; Birmingham Ry. Co. v. Hinton, 40 So., 988; Railway Co. v. Siler, 82 N. E., 362, 229 Ill., 390; Pullman P. Car. Co. v. Laack, 143 Ill., 242; Burnett v. Atlantic C. L. Ry. Co., 132 N. C., 261; Berg v. Railway Co., 86 Am. St. Rep., 524, 70 Minn., 272; Chicago, etc., Ry. Co. v. Roberts, 44 Ill. App., 179; Glanz v. Railway Co., 93 N. W., 575, 119 Iowa, 611; Heiting v. C. R. I. & P. Ry. Co., 96 N. E., 842; S. N. & D. A. v. U. S. S. S. Co., 176 Fed., 890; Liming v. Ry. Co., 47 N. W., 66, 81 Iowa, 246; Wasmer v. Ry. Co., 80 N. Y., 212, 36 Am. Rep., 608; Page v. Buckport, 18 Am. Rep., 239, 64 Maine, 51; 5 Thompson on Negligence, sec. 5754; 2 Thompson on Negligence, 1287; Tiller v. Railway Co., 189 Fed., 994; Street on Personal Injuries in Texas, pages 614 and 91; Railway Co. v. Duval, 12 Texas Civ. App., 348, 35 S. W., 699; Railway Co. v. Carter, 73 S. W., 50; Railway Co. v. Taylor, 107 S. W.,

892; 4 Thompson on Negligence, Secs. 4682, 4984, 4985; 1 LaBatt on Master and Servant, sec. 361, p. 936; Railway Co. v. Puente, 70 S. W., 382; Railway Co. v. Stephens, 83 S. W., 235; Railway Co. v. Malloy, 118 S. W., 721; Railway Co. v. Brandon, 126 S. W., 703; Railway Co. v. Tucker, 49 S. W., 314; Railway Co. v. Kelly, 80 S. W., 79; Railway Co. v. Ginley, 45 S. W., 348; Railway Co. v. Woods, 149 S. W., 372.

The question as to whether or not the negligence of the defendant was the proximate cause of the injuries of the deceased which resulted in his death, if there is any evidence which tends to show such fact of proximate cause, is for the jury. The uncontradicted evidence in this case showed that the negligence of the defendant, in two well established particulars, originated and caused the great fire in the defendant's switch yards and machine shops on August 12, 1912. The uncontradicted evidence showed that this fire so originated and produced by the gross negligence of the defendant, inflicted, produced and caused the injuries to and on the deceased, which resulted in his death, and the evidence tended to and did show that the defendant should have anticipated that some injury might follow to some employee from the acts of negligence in originating this fire under all of the facts and circumstances in evidence. Houston Belt & Term. Ry. Co. v. O'Leary, 136 S. W., 605; Jones v. George, 61 Texas, 345; Railway Co. v. Mussett, 86 Texas, 708; Eames v. Railway Co., 63 Texas, 660-3; Railway Co. v. Mitchell, 60 S. W., 891; Choate v. Railway Co., 91 Texas, 409; Heatherly v. Little, 40 S. W., 445. See also the authorities cited under the first proposition above.

It is negligence on the part of the master to order and command an inexperienced employee into a dangerous place to perform a duty and service for the master, and if such inexperienced servant under the direction and command of the master, in the exercise of ordinary care under all of the facts and circumstances surrounding him, goes into said dangerous place and is thereby injured, which injuries result in his death, and if the jury should find that such command of such master under the circumstances, was negligence, then the representatives of such deceased servant would be entitled to recover. The evidence in this case showed that after the deceased was ordered into the dangerously hot place, by the defendant, with directions to remain there and to aid and assist in putting out the fire, that the defendant negligently threw water upon the deceased thereby preventing the deceased from realizing the hot place in which he had been ordered, and that the defendant also negligently permitted the deceased, in this condition, to remain too long a period of time in said hot place, thereby negligently causing the injuries to deceased which resulted in his death, and with this issue of negligence raised by the pleadings and by the evidence the court peremptorily in-

structed the jury to return a verdict for the defendant which was error.

Primarily all questions of fact on the trial of cases are for the jury, and unless it appears without doubt, that what would ordinarily be a question of fact as set forth from the state of the evidence, becomes a question of law, a court cannot deprive a party of his constitutional right of trial by jury by deciding such questions and peremptorily instructing verdict against plaintiff. Merritt v. State, 94 S. W., 372; Patton v. Rucker, 29 Texas, 406; Terry v. Cutter, 23 S. W., 574; Rogers v. Brodnax, 25 Texas, 543; Stooksberry v. Swan, 85 Texas, 573-574; Railway Co. v. Templeton, 87 Texas, 47; Railway Co. v. Davis, 43 S. W., 540; Potter v. Wheat, 53 Texas, 406; Bernheim & Co. v. Odum, 62 Texas, 405; Austin v. Jack, 20 Texas, 167; McGreal v. Wilson, 9 Texas, 429.

In addition to the decisions cited in appellant's brief from the courts of other States holding that under the facts in the Seale case the railway company is responsible and its negligence the proximate cause in setting at large the dangerous agency of fire, and should any one attempt to arrest the flames to prevent injury to property and become injured that the negligence in starting the fire would be the proximate cause of the injury, we refer to the following additional late authorities: Illinois Cent. Ry. Co. v. Thomas, 68 So.. 773 ; L. & N. Ry. Co. v. Haggard, 170 S. W., 956-9.

We refer also to the cases Berg v. Railway Co., 70 Minn., 272; Glanz v. Railway Co., 119 Iowa, 611; Railway Co. v. Siler, 82 N. E., 362, 229 Ill., 390; Heiting v. Railway Co., 96 N. E., 842; Liming v. Railway Co., 81 Iowa, 946; Wasmer v. Railway Co., 80 N. Y., 212.

MR. CHIEF JUSTICE PHILLIPS delivered the opinion of the court.

H. C. Bennett, an employee of the defendant railway company, while engaged with other employees in fighting a large fire in the yards of the company at Cleburne which threatened to destroy all the property in the yards and adjacent property as well, became overheated, with some parts of his body blistered or burned, causing his death. The suit was one for damages on this account by his wife, as administratrix of his estate, and in her own right and for the use of their minor children.

The origin of the fire was an explosion of the gas in an empty oil tank car, caused by an employee named Campbell going into the car for the purpose of repairing it, with a lighted torch. It spread quickly to near-by sheds, and elsewhere, burned fiercely, fanned by a strong wind, for several hours, producing a general conflagration, consuming a large amount of property within the thirty or forty acres comprising the yards of the company, and at certain stages imperilling all the property, shops, etc., in the yards. It produced, as pleaded by the plaintiffs, a condition of

great excitement and emergency. The numerous employees of the company in and about the yards, including Bennett, joined generally in the effort to subdue it. A superintendent of one of the company's departments about the shops or yards, named Dunlop, together with another official named Bird, were evidently attempting to in some measure direct the efforts of the men. The company had fire-plugs in the yards, and its own hose which the men were using. To lessen the effect of the heat upon those engaged in the immediate zones of the fire, water from the hose was thrown upon them by others. Some was thrown upon Bennett and the men immediately with him while he was helping to subdue the fire.

At the direction or request of Dunlop and Bird, Bennett, with others went, at a certain stage of the fire, into the particular place where his injuries were received, a place where the fire was intense, to relieve other men—to prevent their becoming too hot. About the time of this direction and while Bennett had hold of the hose at that place, Dunlop, according to the undisputed testimony of one of the men with Bennett, a witness introduced by the plaintiffs, told Bennett and his companions "not to get too hot and not to stay in there if we got tired and that if we got too hot or tired to get out and let others relieve us." "There were other men there at all times to relieve us," stated this same witness.

It appears from the testimony that the water was thrown upon Bennett and the men with him, at their own request,—to keep them cooled off while they were fighting the fire. The fire occurred in mid-summer, and according to other testimony, undisputed, this was the proper thing to do.

Bennett was a strong man, in full physical vigor. It is urged that he was inexperienced in fighting fire, but there is no proof that Dunlop or Bird knew of his being any less experienced in that regard than the average man, or that it would be any more hazardous for him to attempt to subdue the fire in the manner stated than it would be for the average man.

The suit was rested upon three grounds of negligence:

1. The acts of the defendant and its employees in causing the explosion in the oil tank car, which started the fire.

2. Directing or commanding Bennett, an inexperienced man, to fight the fire under the existing conditions.

3. Throwing the water upon him while he was fighting the fire, which, it is charged, deceived him as to the extent of the heat to which he was subjected, causing him to remain too long where he was and become overheated.

In the trial court, a verdict was directed for the defendant.

In our opinion there was nothing to take the case to the jury, and the action of the trial court was accordingly proper.

Under the authority of Seale v. Gulf, C. & S. F. Ry. Co., 65 Texas, 274, 57 Am., 602, and Texas & P. Ry. Co., v. Bigham, 90

Texas, 223, 38 S. W., 162, the negligence of the defendant's employees in the origin of the fire cannot be justly regarded as the proximate cause of the injury to Bennett. The test of this question is, ought the defendant and its agents to have reasonably foreseen that as the consequence of the negligence which caused the explosion in the tank car, the injury to Bennett, or like injury to some other employee in his situation, would probably result? In the language of Judge Gaines' opinion in the Bigham Case, nothing short of prophetic ken could have anticipated the happening of the combination of events which resulted in Bennett's becoming overheated. No one standing at the stage of the entire happening which had to do with the gas explosion in the tank car, could have regarded it as other than a bare possibility, at best, that at a later period of a fire thus produced in an open enclosure, an employee of the company, in attempting to extinguish it, would get so close to the fire or stay in such a situation so long as to be injured by the heat of the fire.

It was Bennett's duty, as it was of every other employee about the premises, to assist in extinguishing the fire. Regardless of any duty, such would have been any man's impulse. It was a large fire, a time of danger, of excitement, of sudden emergency, and threatened destruction of property other than that of the defendant. The ordinary actions of men in such situations furnish reliable standards of duty. It is ordinarily not such a time as admits of inquiry as to any man's previous experience in fighting fire, or where such experience is taken into account in the individual's desire and effort to help subdue the danger, or in a direction or request that he help at some particular place where the fire is the fiercest. Every one present, at such a fire as this one, is supposed to do his best, and generally does, without stopping for these things.

While Bennett, along with the other men present, was directed to help extinguish the fire, that would have been his duty, and no doubt his willing act, regardless of the direction, or command. What duty owing him did the defendant breach or neglect? Let it be admitted that Dunlop or Bird should have warned him of the danger of becoming overheated. Dunlop did so, as effectually we think as any commensurate warning could have done. He told Bennett and the other men "not to get too hot, not to stay there if they got tired; and if they got too hot or tired, to get out and let others relieve them," as others were there to do.

This, to our minds, showed concern and care for Bennett and the men engaged with him, a desire that they not endanger themselves in their effort. It likewise expressed a warning for them to be on the alert for the effect of the heat. If the fire was to be fought at all at that place, it seems to us that under the condition it fully answered any demand of a reasonable standard of duty and hence the demand of any reasonable rule of law. It warned

and enjoined them—necessarily the best judges of the dangers of the situation—not to risk their own safety by staying too long in the heat, but to come out at will and let fresh men take their places. The negligence charged here cannot be sustained by such a state of facts. The issue is not made.

This is equally true as to the throwing of the water on Bennett. According to the uncontradicted proof, this was the proper thing to do as a means of safeguarding him and the men with him; and it was done at their express request.

The judgment of the Court of Civil Appeals is reversed and that of the District Court is affirmed.

*Reversed and judgment of District Court affirmed.*