## MAGNOLIA PETROLEUM CO. v. COCKE.
### (No. 1628.)

Court of Civil Appeals of Texas. Beaumont. Feb. 25, 1928.

Rehearing Denied March 7, 1928.

1. **Negligence ☞59—To constitute "proximate cause," injury must be natural and probable result of negligence, and foreseeable.**

Generally, in order to constitute proximate cause of injury, the injury must be natural and probable result of negligent act, or omission, and ought to have been foreseen in light of attending circumstances.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Proximate Cause.]

2. **Negligence ☞62(1)—Original negligent act is deemed too remote to proximately cause injury, where new cause sufficient to produce injury has intervened.**

If, subsequent to original wrongful or negligent act, a new cause has intervened, of itself sufficient to produce injury, original act must be deemed as too remote to constitute proximate cause of injury.

3. **Negligence ☞62(1)—Original negligent act is not "proximate cause" of injury, where new agency, notwithin reasonable contemplation of original wrongdoer, has intervened.**

Original wrongful or negligent act will not be regarded as proximate cause of injury, where new agency, not within reasonable contemplation of original wrongdoer, has intervened to bring about injury.

4. **Highways ☞196—Negligence of pipe line company's employees in leaving iron rings by company's right of way held not proximate cause of injuries to pedestrian who stepped on rings in public road after removal thereto by unknown agency.**

In action for injuries to plaintiff by stepping on iron rings in public road some 50 or 75 yards from place where iron rings were left by employees of pipe line company on company's right of way, independent act or force causing removal of iron rings from place where left by company was new agency supervening on original act of defendant, causing plaintiff's injury, which defendant could not have anticipated, and hence act of defendant's employees in leaving rings by its right of way, if negligent, was, as matter of law, not proximate cause of injury.

Appeal from District Court, Liberty County; Thos. B. Coe, Judge.

Action by B. N. Cocke against the Magnolia Petroleum Company. Judgment for plaintiff, defendant's motion for new trial was overruled, and defendant appeals. Reversed and rendered.

Walace Hawkins, of Dallas, for appellant. E. B. Pickett, Jr., of Liberty, for appellee.

O'QUINN, J. Appellee sued appellant to recover damages for personal injuries. He alleged that his injury was proximately caused by the negligence of appellant in leaving on its right of way of its oil pipe line, at the edge of said right of way where same intersected at right angles a public road, a number of iron rings or collars, some 50 or 75 yards from the place where the injury occurred, and of which said rings the one that injured appellee was one, and that some of said rings "in some way were knocked or moved from where they had been so left by defendant into and upon the public road, and that one of said rings upon which plaintiff stepped, and by which he was injured, as above alleged, was at that time about 50 or 75 yards north of where defendant had left it." Appellee alleged the following damages: $100 for medical treatment and hospital charges, $100 for services of a physician, medical supplies, and medicines, $100 for expenses in employing farm work for about three months, and $1,700 for physical and mental suffering, for all of which he prayed judgment.

Appellant answered by general demurrer and special exceptions (1) that the act of negligence alleged in leaving the iron rings on the right of way near the public road did not constitute a breach of duty or an act of negligence by appellant to appellee at the time and place of his alleged injuries; (2) that appellee's injuries were not proximately caused by, nor were they the foreseeable and natural consequence of, the alleged act of negligence of appellant in leaving its iron rings on its right of way; (3) that the injuries received by appellant, as alleged, were not proximately caused by the act of appellant, but were proximately caused by the negligent act of persons transporting, carrying, and depositing said iron rings in the public road. Appellant further answered by general denial, and specially denied that the ring that caused appellee's injury was the property of appellant, but that, if said ring was left at the time and place alleged by appellee, same was done by an independent contractor, who had done repair work on said oil pipe line for appellant, and over whom it had no control, and also pleaded contributory negligence on the part of appellee in failing to use ordinary care to see, and avoid contact with, said iron ring.

The cause was tried to a jury upon special

---

issues, in answer to which they found: (a) That appellee was injured by stepping upon the ring as alleged; (b) that appellant had left iron rings on its right of way near the intersection thereof with the public road; (c) that the iron ring upon which appellee stepped, and which caused his injury, was one of the rings left by appellant on its right of way near the intersection of same with the public road; (d) that appellant was negligent in leaving the iron rings on its right of way at said place; (e) that such negligence was the proximate cause of appellee's injury; (f) that appellee was not guilty of contributory negligence; and (g) that appellee had suffered injuries in the sum of $1,000. Upon these findings judgment was entered for appellee, and, motion for new trial being overruled, appellant brings this appeal.

Appellee received his injuries by stepping upon an iron ring or collar some 8 inches in diameter, and 2½ inches in width in a public road near the town of Hardin in Liberty county, the ring being thereby upset and striking him on the leg below the knee, skinning and bruising his shin. On the occasion of the injury, appellee, accompanied by his family, about 8:30 at night was walking to his automobile parked in the roadway in front of the home of one of his neighbors. The wound, failing to heal, caused pain, required medical attention, and otherwise injured appellee. Appellant owned and operated an oil pipe line, which intersected a public road at about right angles near where appellee lived. The jury found that, at about the time alleged in appellee's petition, iron rings of the kind described in the petition were left on the right of way of appellant at and near the edge of the right of way where it intersected the public road, and that the ring upon which appellee stepped, and by which he was injured, was one of the rings left on appellant's right of way. The point at which the injury occurred was in the public road some 50 or 75 yards from the place where the rings were shown to have been left. There is neither allegation nor proof of how the ring got into the road. It is not contended that appellant or any of its agents placed it there. As to this, appellee alleged that some of said rings "in some way were knocked or moved from where they had been so left by defendant into and upon the public road, and that one of said rings upon which plaintiff stepped, and by which he was injured, as above alleged, was at that time about 50 or 75 yards north of where defendant left it."

We shall not discuss the several propositions urged, but only the fifth, which is:

"Plaintiff's pleadings and the uncontradicted evidence show, as a matter of fact and law, that the alleged negligent act of the defendant in leaving the iron rings upon its right of way was not the proximate cause of plaintiff's injury at the time and place of said injury."

[1-4] We think the assignment should be sustained. The jury found that appellant left the iron rings on its right of way at the edge of the public road where appellant's pipe line intersected the road, and that same was negligence. Appellant challenges this finding as wholly without support in the evidence. Without determining the correctness of this finding, but for the purpose of this discussion, if it be conceded that appellant's employees did leave the rings where they were left, and that it was an act of negligence to leave the rings where they were left, then the inquiry follows whether such act of negligence was the proximate cause of appellee's injury. The general rule is that, in order to constitute the proximate cause of an injury, the injury must be the natural and probable result of the negligent act or omission, and that it ought to have been foreseen in the light of the attending circumstances. Texas & P. R. Co. v. Bigham, 90 Tex. 223, 38 S. W. 162; Galveston, H. & S. A. R. Co. v. Bell, 110 Tex. 104, 216 S. W. 390. If subsequently to the original wrongful or negligent act, a new cause has intervened, of itself sufficient to produce the injury, the original act must be deemed as too remote. The original wrongful or negligent act will not be regarded as the proximate cause of an injury where any new agency, not within the reasonable contemplation of the original wrongdoer, has intervened to bring about the injury. Seale v. Railway, 65 Tex. 274, 57 Am. Rep. 602; Texas & P. R. Co. v. Bigham, 90 Tex. 223, 38 S. W. 162; Reynolds v. Railway, 101 Tex. 2, 102 S. W. 724, 130 Am. St. Rep. 799; San Antonio & A. P. R. Co. v. Behne (Tex. Com. App.) 231 S. W. 354; City of Dallas v. Maxwell (Tex. Com. App.) 248 S. W. 667. Ought the agents of appellant to have foreseen that, as a result of leaving the rings on its right of way near the edge of the public road where its pipe line intersected said road, the injury received by appellee or some similar injury would probably result? As before stated, the injury occurred in the public road some 50 or 75 yards from the place where the iron rings were left on the right of way. From the allegations of appellee's petition and the undisputed evidence, it is clear that, but for the interposition of some independent and unknown agency or force, the ring upon which appellee stepped, and by which he was injured, would not have been in the public road, and appellee would not have come in contact with same. This independent act or force was the new agency, which, supervening upon the wrongful act of appellant, brought about the hurt of which appellee complains. To say that appellant should have anticipated that some person would remove the ring from the place where it was left on appellant's right of way out of the public road, and place same in the road some 50 or 75 yards away, and that an injury

such as was suffered by appellee would result, we think is carrying the rule of foresight and anticipation too far, and would be unreasonable. In the language of Judge Gaines, in Texas & P. R. Co. v. Bigham, supra:

"In our opinion, nothing short of prophetic ken could have anticipated the happening of the combination of events which resulted in the injury to the person of the plaintiff. The act of the defendant in permitting the fastening to its gate to become insecure was in itself lawful; and since it was clearly out of the range of reasonable probability that an injury to the person of anyone should result, it should be held as a matter of law that the negligence of the company gave no right of action for such injuries."

Here, the act of appellant in leaving the iron rings on its right of way, though near the edge of the public road, was in itself lawful, and, since it was clearly out of the range of reasonable probability that an injury to the person of anyone should result, as here alleged by appellee and shown by the undisputed facts, it should be held as a matter of law that the negligence of appellant gave no right of action for such injury.

From what we have said it follows that the judgment of the trial court should be reversed, and judgment here rendered for appellant, which is accordingly done.

Reversed and rendered.