### VAN VELZER v. HOUSTON LAND & TRUST CO. (No. 1834.)

Court of Civil Appeals of Texas. Beaumont. April 11, 1929.

Fred R. Switzer, of Houston, and A. C. Van Velzer, of Gardena, Cal., for appellant.

Hunt, Moseley & Hunt and C. A. Teagle, all of Houston, for appellee.

O'QUINN, J. The appellant was plaintiff below and appellee the defendant. We shall refer to them as such.

Plaintiff sued defendant for damages in the sum of $7,000, the alleged difference in the value of certain premises before and after a fire, which totally destroyed a three-story wooden rent house on said premises. Plaintiff alleged that on October 15, 1925, he placed said property in charge of defendant as his rental agents, and that while they had the management and control of said premises as such agents, the said premises became vacant, and the defendant after such vacancy negligently failed to close and fasten and to keep closed the openings to said building, and that some child or other irresponsible person entered said building and left burning material therein, which resulted in the burning of the building and the damages alleged. Plaintiff further alleged that said premises were located near to and adjacent to houses occupied by negroes, and adjoining a place of recreation, to wit, the Lincoln Pool, which was a natatorium and dance hall used day and night by large numbers of negroes; that said building had a toilet and other equipment within a few feet of said Lincoln Pool; and that when the doors of said house were not locked said "toilet constituted a public privy for the use and convenience of the crowds of people who daily and nightly frequented said locality, and was the only available or public privy open to them and to passers-by from the street in that locality; and when within said house on the street-level floor, the sixteen rooms and three halls of the second and third floors thereof were all available to any person therein for every purpose; and all of said facts were open to general observation, and apparent to ordinary passers-by, and were known to defendant, its agents and servants and employees and would have been known to them in the exercise of ordinary observation and prudence." Plaintiff further alleged:

"That the said damage to the said property by fire arose from the negligence of the defendant, its servants and employees while acting in the scope of their employment in

this: It was the duty of the defendant to use ordinary care to protect the said building from intrusion while unoccupied and to lock the outside doors of said building and to keep the outside doors thereof closed and fastened and to close and keep closed all other openings thereto and therein; but the said defendant was negligent and failed to use ordinary care to protect the said building from intrusion in that the defendant negligently and carelessly failed to protect said building from intrusion and did not lock or close or fasten the outside doors of said building, nor keep .the said outside doors locked or closed.

"That the failure of said defendant and its servants and employees to so close, lock and fasten the outside doors of said building and to keep the same so closed, locked and fastened and to thereby prevent the entrance of intruders to said building while the same was unoccupied by tenants was negligence and was the immediate and proximate cause of damage and destruction by fire in that at the time of the fire said building was not closed, locked or fastened and intruders were not excluded therefrom and children and other irresponsible persons were thereby permitted to enter said building and did enter the same, and while so within the building did set fire thereto and leave burning material therein which did spread to the said structure and burn it and cause damage to and destruction of said building.

"If said building had been locked intruders would have been excluded therefrom and said loss and damage would not have occurred. That the failure of said defendant to protect said building from intrusion and its failure to lock, close and fasten the outside doors of the said building and its failure to keep and maintain said outside doors thereof locked and fastened at the time of said loss and damage by fire was the natural, probable and proximate cause of said damage and loss thereto."

The defendant answered by general demurrer, general denial, several special exceptions, and special pleas not necessary to state. On hearing the court sustained defendant's general demurrer, and plaintiff declining to amend the cause was dismissed. Plaintiff brings this appeal.

Plaintiff's two propositions attack the action of the court in sustaining the general demurrer to his petition, insisting that his petition was sufficient. The insistence is: (a) That the petition contained allegations of fact to the effect that defendant might have reasonably anticipated that by leaving the premises unlocked and unfastened children or irresponsible persons might enter and do damage to or set fire to the building; and (b) that the petition was not subject to a general demurrer on the theory that the alleged negligence of the defendant was not the proximate cause of the plaintiff's damage.

We think the assignments should be overruled. The negligence alleged against defendant is that it failed to keep fastened or locked the openings into the building, and as a result of said negligence some child or irresponsible person entered the building and left burning material therein which set fire to and destroyed same, and that said negligence was the proximate cause of plaintiff's damage. Ordinary care was the measure of duty owed by defendant to plaintiff in looking after and protecting the property from injury. The inquiry is whether the negligent act of defendant alleged by plaintiff, if true, was the proximate cause of plaintiff's damages. The general rule is that, in order to constitute the proximate cause of an injury or damage, the damage must be the natural and probable result of the negligent act or omission, and that it ought to have been foreseen in the light of the attending circumstances. Railway v. Bigham, 90 Tex. 223, 38 S. W. 162; Railway v. Bell, 110 Tex. 104, 216 S. W. 390. If subsequently to the original or wrongful act or negligent act, a new cause has intervened, of itself sufficient to produce the injury or damage, the original act must be deemed as too remote. The original wrongful or negligent act will not be regarded as the proximate cause of an injury or damage, where any new agency not within the reasonable contemplation of the original wrongdoer has intervened to bring about the injury or damage. Seale v. Railway, 65 Tex. 274, 57 Am. Rep. 602; Railway v. Bigham, 90 Tex. 223, 38 S. W. 162; Reynolds v. Railway, 101 Tex. 2, 102 S. W. 724; 130 Am. St. Rep. 799; City of Dallas v. Maxwell (Tex. Com. App.) 248 S. W. 667, 27 A. L. R. 927; Magnolia Petroleum Co. v. Cocke (Tex. Civ. App.) 3 S.W.(2d) 139.

There is no allegation in plaintiff's petition that the burning of his property was the natural and probable result of the negligent act of defendant in not keeping the house locked, or that, in the light of the attending circumstances, defendant ought to have foreseen that failing to keep the openings into the building locked or fastened would result in its being burned. This allegation under the circumstances was necessary to a statement of a cause of action against defendant for damages for the burning of the building. 45 C. J. 1096, 1097; Seale v. Railway, 65 Tex. 274, 57 Am. Rep. 602; Railway v. Bigham, 90 Tex. 223, 38 S. W. 162; Railway v. Bennett, 110 Tex. 270, 219 S. W. 197; City of Dallas v. Maxwell (Tex. Com. App.) 248 S. W. 667, 27 A. L. R. 927; Magnolia Petroleum Co. v. Cocke (Tex. Com. App.) 3 S.W.(2d) 139; Franklin v. Houston Electric Co. (Tex. Civ. App.) 286 S. W. 578. Whether, under the circumstances, defendant should have anticipated or foreseen that the building might be burned if defendant failed to keep same closed or locked, is not here to be

determined, for that issue cannot arise unless same was properly alleged, and there is no such allegation in plaintiff's petition. The only allegation pointing to such a happening is: "The defendant at the time of the making of said contract as above alleged and at the time of the destruction of said building and during all the time intervening knew and was cognizant of the facts above alleged in reference to the use and location of said building and of the risk of persons entering into said building when unoccupied by tenants." We take it that this allegation is that to which plaintiff refers in his second proposition where he says that: "Plaintiff's petition contained allegations of fact to the effect that defendant might have reasonably anticipated by leaving the premises unlocked and unfastened, children and irresponsible persons might enter and do damage or set fire to the building." The allegation above set forth falls far short of alleging that the burning of the building was the natural and probable result of defendant's failing to keep the building locked and fastened, and that in the light of attending circumstances it ought to have reasonably been foreseen. The rule is thus stated in 45 C. J. 1096, § 670: "* * * But where it appears from such facts that the defendant's negligence was not the sole cause of the injury, the petition must show that such negligence put in operation other causal forces which were the direct, natural, and probable results thereof, or that the intervening agency could have reasonably been anticipated or foreseen."

"* * * But if it appears from the complaint that defendant's negligence was merely a condition by which the injury was made possible and that an intervening independent agency was the proximate cause of the injury, the complaint is insufficient, as against a demurrer. * * *"

The judgment should be affirmed, and it is so ordered.