## SOUTHERN UNION GAS CO. v. MADELEY.
### No. 9783.

Court of Civil Appeals of Texas. Galveston.
Nov. 17, 1932.

Royston & Rayzor, of Galveston, and A. T. McKinney, Jr., of Huntsville, for appellant.

Robt. W. Dean and T. P. Buffington, both of Navasota, for appellee.

GRAVES, J.

The appellee sued for personal injuries, alleged to have been sustained by reason of the appellant's negligence, in that appellant dug a ditch at the end of appellee's garage and along the alley adjacent thereto, in the city of Navasota, Tex., leaving in the driveway leading to the garage a pipe that was too heavy to be moved by the appellee, so that he could not drive in or out of the garage unless the pipe were moved or made stationary; that appellee, in assisting his son in getting his car out into the alley, was struck on the leg by the piece of heavy pipe, the resulting injury being thus proximately caused by appellant's negligence, and the appellee being guilty of no contributory negligence.

Appellant answered by general demurrer, special exceptions, and general denial, along with special defenses.

The court, after overruling the special exceptions, rendered judgment in favor of the appellee on the verdict of a jury in response to special issues, wherein it was found: First, that appellant strung the pipe along the alley in such a manner as to obstruct the entrance to appellee's garage; second, that this was negligence; third, that such negligence was the proximate cause of the injury; fourth, that the appellee was guilty of no contributory negligence; fifth, that the injuries were not due solely to the negligence of the appellee's son; sixth, that the appellee was damaged in a sum of $5,000; seventh, that a reasonably prudent person would not have foreseen that the pipe would roll out from under and away from the back wheels, and that the car was put in forward motion and passed over the pipe.

The uncontroverted testimony discloses these facts: That the large loose pipe was left in the alley across the doors to appellee's double garage, the doors, however, being unobstructed by it and opening in the usual way; that appellee's son backed the rear wheels of his automobile over this pipe, but the front wheels would not pull over it, instead causing the pipe to move with the car backward and forward as attempt was made to get the automobile on over it in either a forward or backward direction; that the appellee, after first observing this situation and in advance seeing his son in this predicament, then came out, looked things over, and told his son to refrain from further attempts to extricate the car until he could procure a crowbar; that the appellee returned with the crowbar and placed it in the ground on the side of the pipe closest to the front of the automobile, he himself standing behind the pipe, which he had scotched with the crowbar on the opposite side, and motioning to his son to pull the car on over the pipe; that the son then applied its power and pulled the automobile on over, the back wheels—after passing over it—hurling the pipe against appellee's leg while he stood a short distance behind the pipe holding onto the crowbar.

On the coming in of this evidence in behalf of the appellee, the appellant requested

a peremptory instruction in its favor, which the trial court refused, and in this court it assigns that action as error, contending that such evidence failed to show that the appellant's negligence toward the appellee, if any, was actionable, since it thus undisputedly appeared that any negligence that it may have been guilty of was not the proximate cause of his injuries.

That contention is sustained; these authorities—cited in appellant's brief—seem to us to conclusively establish the correctness of that conclusion upon the facts stated: Seale v. Railway, 65 Tex. 274, 57 Am. Rep. 602; Texas & P. Railway Co. v. Bigham, 90 Tex. 223, 38 S. W. 162, 163; Van Velzer v. Houston Land & Trust Co. (Tex. Civ. App.) 16 S.W.(2d) 865; Union Stock Yards v. Peeler (Tex. Com. App.) 37 S.W.(2d) 126; Gulf, C. & S. F. R. Co. v. Bennett, 110 Tex. 270, 219 S. W. 197; San Antonio & A. P. R. Co. v. Behne (Tex. Com. App.) 231 S. W. 354; Schaff v. Ellison (Tex. Civ. App.) 255 S. W. 680; Collins v. Railway, 110 Tex. 577, 212 S. W. 477, 222 S. W. 156; Payne v. Robey (Tex. Com. App.) 257 S. W. 873; Sears v. Railway (Tex. Civ. App.) 247 S. W. 602.

As the cited authorities make very clear, negligence is not actionable, unless at the same time it be at least a proximate cause of the injury suffered, and the test of that is whether or not some such consequence from the act should reasonably have been foreseen by the party guilty of it. Our Supreme Court, through Chief Justice Gaines, put it this way in the Bigham Case, supra: "The rule is sometimes put upon the ground that to allow a recovery for injuries resulting from remote causes would lead to intolerable litigation. * * * A better ground for the rule is that a party should not be held responsible for the consequences of an act which ought not reasonably to have been foreseen. * *. * In our opinion, nothing short of prophetic ken could have anticipated * * * the combination of events which resulted in the injury of the person of the plaintiff."

And so here, we think, prophetic ken would have been required to anticipate the denouement that resulted in this injury to the appellee; notwithstanding appellant's negligent act in so leaving the pipe in the alley as a potential obstruction, it undisputedly appears that his injury would not have occurred but for his own attempt to remove the car from astride it with the crowbar —this act of his own obviously constituting a new agency which, supervening over the originally wrongful one of the appellant in merely leaving the pipe there, brought about the unfortunate result. The most that appellant could properly be held to have contemplated was, perhaps, that either the ap-

pellee, or some one else, might undertake to disengage the car from the pipe, but it could not reasonably have further anticipated that in such an attempt he would break his leg through the use of a crowbar; appellant's original act, negligent as it may be conceded to have been, was therefore too remote to legally constitute the proximate cause of this injury.

The other questions discussed in the briefs become immaterial, since this holding determines the merits of the appeal anyway; it requires a reversal of the judgment and the rendition of the cause in favor of the appellant; it will accordingly be so ordered.

Reversed and rendered.