### GREAT ATLANTIC & PACIFIC TEA CO v. NAJERA.

#### No. 13801.

Court of Civil Appeals of Texas. Dallas.

May 9, 1947.

Rehearing Denied June 6, 1947.

578

John N. Touchstone of Dallas, for appellant.

James K. Byers, of Dallas, for appellee.

BOND, Chief Justice.

The appellee, Leopoldo Najera, plaintiff in the court below, instituted this suit against defendant, The Great Atlantic & Pacific Tea Company, appellant, for damages in the sum of $2,500 resulting from injury to his right hand while in the employ of the defendant and in the course of his employment. The judgment in the sum of $500 is based on findings of the jury: (1) and (2), that Mr. Raley, a fellow servant, before the accident of injury was negligent in leaving a door open to an adjoining compartment to the room where plaintiff was working, and that such negligence was a proximate cause of the accident; (3) and (4), that the plaintiff immediately before the accident failed to keep a proper lookout for his own safety, but that such failure was not the sole proximate cause of the accident; (5) that the injury was not the result of an unavoidable accident; (6) that the sum of $500 would reasonably compensate plaintiff for his physical pain, past and future, and loss of earning capacity to work and earn money, past and future, resulting proximately from the accident.

The material facts upon which the findings and judgment are based are uncontroverted. The defendant is a corporation engaged in processing or baking of bread for its retail stores in the City of Dallas, and at the time of the alleged accident had three or more employees, thus eligible but not a subscriber under Texas Workmen's Compensation Law, Article 8306, R.S., Vernon's Ann.Civ.St. art. 8306, and did not carry compensation insurance. The plaintiff was injured while in the employ of the defendant in its bakery department; and in the course of his employment was backing, pulling a truck, or rack on wheels, loaded with bread pans, when he accidently ran into a door previously opened by Mr. Raley, a fellow servant. It was the duty of Mr. Raley, under his employment with defendant, to open the door to enable employees to enter and go into the adjoining room of the bakery with loaded trucks. The door was so designed to open into a passage-way in the room where plaintiff was working, and had attached thereto an improvised latch to keep it fastened when

closed. The door was supposed to be open when an employee was to enter the compartment. On the occasion in question, the plaintiff was engaged in greasing pans, and moving trucks, or racks loaded with pans down the passage-way, and while backing, pulling the truck, or rack, to go through the door's opening, or to pass by the door, without keeping a lookout to where he was going, ran into the door, striking his hand against the latch, resulting in his injury. The plaintiff testified that he did not know that the door was open, or when it was opened, or who opened it. In response to the following questions, he testified: "Q. And it was your duty to take it (the loaded truck) in through that passage-way? A. Just push it in.

"Q. What happened when you did that? A. I was pushing the rack back and I hit my hand on the door-latch.

"Q. Hit your hand on the door-latch? A. Yes, sir.

"Q. What kind of a door-latch was it? A. It was about a two-inch piece of steel about a quarter inch wide.

"Q. Was that door open when you hit it? A. Yes, sir.

"Q. Was it the only one of the doors that was open? A. Yes, sir.

"Q. Do you know who left it open? A. No, sir.

"Q. At that particular time was those doors supposed to be closed? A. Yes, sir.

"Q. How do you go in that place moving the truck that time? A. When I would go with the truck?

"Q. Yes. A. I was backing up and the door was sticking out like that and I hit my hand right against the latch, my hand was hit right here.

"Q. You couldn't see the door was open? A. No, sir, when I was backing up."

The plaintiff further testified that the only thing that caused his hurt was his backing into the door without looking, that there was nothing wrong with the floor, or the lights, or the door; and that he could have seen the door had he been looking. On redirect examination, he testified:

"Q. Did you see that man Raley there at the time? A. Yes, sir.

"Q. Was he there? A. Yes, sir.

"Q. Was it or not his duty to open that door? A. Yes, sir.

"Q. Was it his duty to open it for you? A. Not for me because I didn't have any business, I had it empty, when I got hurt it was an empty rack.

"Q. Where were you moving it to? A. I was moving it just over from where I was greasing the pans to the man to put mash on it, and after it was loaded to put it on the rack.

"Q. Then there was no occasion for him to open the door for you? A. Not for me. He opened it for himself to get the rack inside the room.

"2. Did he do that? A. Yes, sir.

"Q. And not you? A. And not me.

"Q. Did you have a conversation with him there that day about who left the door open? A. No, sir, I never said anything, who was at fault or nothing. I never talked to anyone."

Mr. Raley, witness for the defendant, testified that on the occasion when plaintiff was hurt he was a fellow employee of defendant company; that he saw plaintiff approaching the door, backing, pulling a loaded rack or truck; that he opened the door to permit the plaintiff to pass through into the adjacent compartment, when he struck his hand against the latch of the door. On cross-examination by the plaintiff, Mr. Raley, in response to the following questions, testified:

"Q. It was part of your duty to open this door? A. That's right.

"Q. On that occasion is that right? A. That's right.

"Q. Do you always do that? A. Yes, sir.

"Q. And going in there with this rack, as this man was, was there somebody supposed to open the door for him each time? A. It is supposed to be opened.

"Q. It is supposed to be opened? A. Yes, sir."

At the conclusion of the evidence, defendant moved for an instructed verdict for the reasons that plaintiff failed to show any negligence on the part of the defendant or its employee Raley which proximate-

580

ly caused the injury to the plaintiff, and that the injury and the cause thereof was due solely to the carelessness or negligence of the plaintiff in backing into the door and striking his hand on the latch of the door. The motion having been overruled, on return of the jury's verdict the defendant again moved for judgment non obstante veredicto, assigning reasons that the findings of the jury of negligence and proximate cause on the part of the defendant, its servants or employees, are unsupported by any fact to form the basis for judgment in favor of the plaintiff. This motion having been overruled and judgment entered, defendant then presented its motion for a new trial, again assigning the errors which formed the basis for the points of error in this appeal.

In substance, the appellant contends that there was no evidence sufficient to sustain the findings of negligence on the part of Mr. Raley in the performance of his duty, which proximately caused plaintiff's injuries, and that the uncontroverted evidence reflects that the sole proximate cause of the injuries was due to plaintiff's own negligence; hence the trial court erred in submitting the cause to the jury, rendering judgment on the verdict, and refusing, on motion for new trial, to set aside the judgment.

**■■** Under the Workmen's Compensation Act cited, the defendant being eligible as a subscriber thereunder, but did not carry compensation insurance at the time of plaintiff's injury, was deprived of the common law defense of contributory negligence of the injured employee, that the injury was caused by negligence of its fellow servant and that the injured employee assumed the risk. However, "Where contributory negligence is out of the case by reason of the statutory provisions cited, pleading and proof that the servant's own act was the sole proximate cause of the injury constitutes a good defense, since the allegations that the injury was caused by the master's negligence is thereby negatived." 29 Tex.Jur. 103. In the case here, it is pertinent to say that the verdict of the jury would entitle the plaintiff to the judgment unless the record above detailed presents reasons why it should not be given

effect; and in viewing the record we must regard the evidence in its most favorable light in support of the findings and judgment.

**■■** According to the rules of law in this State, in order that an act shall be deemed negligence, it must be done contrary to a statutory duty or it must appear as opposed to the dictates of common prudence, and that it cannot be said, without hesitation or doubt, no careful person would have committed it. As heretofore pointed out, the trial court submitted only one act of primary negligence; there was no request for submission of any other. The mere fact that a door designed to be open with latch to fasten, was opened by a fellow servant in line of his duty, evidences, we think, no fact from which a logical or reasonable conclusion could be reached that no careful, prudent person would have committed it. The leaving of the door open, under such circumstances as reflected by the record, was nothing more than an ordinary and safe condition which was created by the proper use of such door. The injured employee knew that the door was there and the purpose of its use. Mr. Raley, in the exercise of his duty as a fellow employee, having opened the door, we fail to see how it could be said that the leaving of the door open would raise a logical or reasonable inference that the defendant's employee could have reasonably forseen that it would result in injury to any one, because there was no danger in the open door, and certainly no injury could have been contemplated. Since the record is undisputed and the jury so found that the plaintiff negligently backed into the door which he could have seen if he had been looking, the leaving of the door open was an event or a condition too remote, too improbable and extraordinary to charge the defendant's agent guilty of negligence. The subsequent act of plaintiff's negligence in backing into the door without looking is fraught with too much guesswork, suspicion, conjecture or supposition to support the finding of negligence and, likewise, the finding of proximate cause.

**■** In the case of City of Dallas v. Maxwell, Tex.Com.App., 248 S.W. 667, 27 A.L.R. 927, approved by the Supreme

Court, the fundamental rule of forseeability is stated: "In this State it is now a settled doctrine that anticipation of consequences is a necessary element in determining not only whether a particular act or omission is actionably negligent, but also whether the injury complained of is proximately caused by such act or omission. Seale v. [Gulf, C. & S. F.] Railway Co., 65 Tex. 274, 57 Am.Rep. 602; [Texas & P.] Railway Co. v. Bigham, 90 Tex. 223, 38 S. W. 162; [Gulf, C. & S. F.] Railway Co. v. Bennett, 110 Tex. 270, 219 S.W. 197; [San Antonio & A. P.] Railway Co. v. Behne, Tex.Com.App. [262], 231 S.W. 354."

In Texas & P. Ry. Co. v. Bigham, 90 Tex. 223, 38 S.W. 162, 164, Chief Justice Gaines stated: "'* * * that, in order to warrant a finding that negligence or an act not amounting to wanton wrong is the proximate cause of an injury, it must appear that the injury was the natural and probable consequence of the negligence or wrongful act, and that it ought to have been forseen in the light of the attending circumstances.' [Milwaukee & St. P.] Railway Co. v. Kellogg, 94 U.S. 469 [24 L. Ed. 256]."

In the case of Great Atlantic & Pacific Tea Co. v. Evans, 142 Tex. 1, 175 S.W.2d 249, 251, Justice Critz, speaking for the Supreme Court, stated: "Negligence rests primarily upon two elements: (a) reason to anticipate injury, and (b) failure to perform the duty, arising on account of that anticipation. Collins v. Pecos & Northern Texas Ry. Co., 110 Tex. 577, 212 S. W. 477, 222 S.W. 156; Johnson v. Wichita Valley R. R. Co., Tex.Civ.App., 104 S.W. 2d 128. Although injury may result from a person's act or omission, yet, if the actor could not have reasonably forseen the resultant injury, or injuries, similar in character, he is not to be held responsible therefor. 30 Tex.Jur. p. 663, and authorities there cited; Texas & Pacific Ry. Co. v. Bigham, 90 Tex. 223, 38 S.W. 162; Union Stock Yards v. Peeler, Tex.Com.App., 37 S.W.2d 126."

In Commonwealth of Massachusetts v. Davis, 140 Tex. 398, 168 S.W.2d 216, 222, Chief Justice Alexander for the Supreme Court said: "It is a well-established rule in this State that one who is complaining of a wrongful injury can recover only for such damages as are proximately caused by the injury complained of. Forseeableness or anticipation of injury is an essential element of proximate cause. The injury complained of must be the natural and probable consequence of the wrongful act—that is, it must be of such nature as would reasonably have been anticipated under the circumstances by a person of ordinary prudence. It is not necessary that it appear that the wrongdoer actually foresaw the precise course of the consequences of his wrongful act, but it must appear that he could or should reasonably have anticipated or foreseen that the injury complained of, or one of the same general character, would probably result from his wrongful conduct. Texas & P. R. Co. v. Bigham, 90 Tex. 223, 38 S.W. 162; San Antonio & A. P. R. Co. v. Behne, Tex.Com. App., 231 S.W. 354; Paris & G. N. Ry. Co. v. Stafford, Tex.Com.App., 53 S.W.2d 1019, par. 1; Missouri-Kansas-Texas R. Co. v. McLain, 133 Tex. 484, 126 S.W.2d 474; Sullivan v. Flores, 134 Tex. 55, 132 S.W. 2d 110; Carey v. Pure Distributing Corp., 133 Tex. 31, 124 S.W.2d 847; City of Dallas v. Maxwell, Tex.Com.App., 248 S. W. 667, 27 A.L.R. 927; Humble Oil & Refining Co. v. Woods, Tex.Com.App., 292 S.W. 200."

In Wm. Cameron & Co., Inc. v. Thompson, Tex.Civ.App., 175 S.W.2d 307, 308, Thompson was injured as the result of alleged negligence of the employees of Cameron & Company in not blocking the wheels of a hand truck, or in not closing the door of the car while they were away at lunch. Justice Murray, editing the opinion, said: "Even if it be negligence to thus leave the hand truck unblocked and the car door unclosed, such negligence could not, as a matter of law, be proximate cause of Benton's injuries, because the employees of Cameron & Company could not reasonably have contemplated that the switching crew would arrive during their absence and negligently proceed to switch the cars without blocking the wheels of the hand truck and closing the door of the car. One is not required to contemplate the negligence of another. * * * Under all the circumstances we are unwilling to hold that the

employees of Cameron & Company should have reasonably foreseen and contemplated that Benton would come with the switching crew during the lunch hour and in their absence roll back the runways, fail to sufficiently block the wheels of the truck, and without closing the door to the car negligently begin switching operations. (Citing authorities.) * * * It occurs to us that if the act of the unloading crew in leaving the hand truck in the car with the door open could be regarded as any cause of Benton's injuries, certainly it was a remote cause. * * *."

In Phoenix Refining Company v. Tips, 125 Tex. 69, 81 S.W.2d 60, 61, it is stated: "A prior or remote cause cannot be made the basis of an action for damages if it does nothing more than furnish the condition or give rise to the occasion which makes the injury possible, if such injury is the result of some other cause which reasonable minds would not have anticipated, even though the injury would not have occurred but for such condition." (Citing authorities.)

Under the well-established rules that a defendant is not bound to anticipate another's negligence, and, where a condition exists as the result of negligence of a wrongdoer, but the condition itself would not and did not cause injury and not dangerous within itself, and that a subsequent intervening negligent act of another was the direct and proximate sole cause of the injury, the negligence, if any, in creating the condition is too remote to hinge liability on such defendant.

In the case at bar, if the employee of A. & P. Tea Company was negligent in leaving the door open, it cannot be said that the open door, under the uncontroverted facts, was a proximate cause of plaintiff's injuries; or that the defendant's employee, or anyone similarly situated, could have reasonably anticipated that plaintiff would have negligently backed into the door and injure himself. The door open was too remote, if negligently left open, to cause injury to any one. Evidently, the sole proximate cause of plaintiff's injury was due to his wanton, reckless disregard for his own safety in backing, pulling a truck, or rack on wheels, without looking to where he

was going; thus he negligently ran into the door. If he had not run into the door, certainly the door would not have caused his injury. The door could have remained open until Doomsday, and cause no injury, or damage to any one.

In our opinion, the combination of events which resulted in the injury to the plaintiff could not have been reasonably anticipated. The defendant is not shown to be liable in damages. We sustain appellant's several points of error, to the effect that it was entitled to an instructed verdict and a judgment in its favor. The judgment of the court below is reversed and here rendered in favor of the defendant.