## SOUTHERN PAC. CO. v. HUGGINS.
### (No. 2171.)

Court of Civil Appeals of Texas. El Paso.
Sept. 20, 1928.

Rehearing Denied, Oct. 4, 1928.

Kemp & Nagle, of El Paso (Guy V. Shoup, of San Francisco, Cal., of counsel), for appellant.

Jones, Hardie & Grambling, of El Paso, for appellee.

WALTHALL, J. Mrs. Julia F. Huggins, a feme sole, brought this suit against the Southern Pacific Company and the Texas & New Orleans Railroad Company, for actual damages for injuries which she alleges she sustained on account of being put off the train being operated by the Texas & New Orleans Railroad Company, at Sierra Blanca, Tex. She alleges, in substance, that she being a woman of the age of 81 years, accompanied by her granddaughter, went to the ticket office of the defendant Southern Pacific Company, in Los Angeles, Cal., to buy a ticket over the lines of said company and connecting lines from Los Angeles to Hot Springs, Ark.; that at that time it was explained to the ticket agent that on account of plaintiff's age it was desired the routing be such that plaintiff would have as few changes from train to train as possible; that the ticket agent at that time represented to plaintiff that he would route the tickets (railroad and Pullman) to make only two changes necessary, one at Dallas, Tex., and one at Benton, Ark.; that plaintiff then paid said ticket agent the fare for such transportation and received railroad and Pullman tickets from Los Angeles, Cal., to Hot Springs, Ark. Plaintiff assigns the negligence of the Southern Pacific Company to be as follows: That in selling and delivering to plaintiff the two tickets the Southern Pacific Company sold and delivered to plaintiff a railroad ticket over a different route from that of the Pullman ticket, in that the railroad ticket routed plaintiff through El Paso, Tex., over the Texas & Pacific Lines, while the Pullman ticket routed plaintiff from El Paso, Tex., to San Antonio, Tex., over the Texas & New Orleans Railroad Company, a subsidiary of the Southern Pacific Company, well knowing that the two tickets from El Paso, Tex., were not over the same railroad lines. Plaintiff alleges that the negligence in routing the two tickets was not discovered by her and that such failure to discover the variance in the two tickets was through no fault of hers. Plaintiff alleges negligence in the Southern Pacific Company, in that it failed to notify plaintiff of the variance between the railroad and the Pullman

transportation, and that plaintiff did not discover same until she was advised of such variance as the Texas & New Orleans Railroad Company train on which she had taken passage was nearing Sierra Blanca; that the Texas & New Orleans Railroad Company, through its train conductor, then demanded of her the payment of the additional sum of $21, which she refused to pay, whereupon the train conductor insisted that she leave the train and took plaintiff by the arm and forced her to leave the train at a point near the station of Sierra Blanca. She alleges that she was compelled to carry her suitcase a distance of about 200 yards to said station, and had to wait at said station for 10 hours until 12 o'clock at night for the arrival of her train; that she had no friends at Sierra Blanca and suffered great inconvenience, fright, pain, and humiliation by reason of said wrongful acts and breach of the contract on the part of the Southern Pacific Company, and suffered pain, fright, shock, discomfort, inconvenience, mental anguish, and humiliation, and was made extremely nervous.

Defendants answered by general and special exceptions and general denial.

The case was tried before a jury and submitted on general issue.

The court instructed a verdict in favor of the Texas & New Orleans Railroad Company, and submitted the case as against the Southern Pacific Company. The jury returned a verdict in favor of the Texas & New Orleans Railroad Company, and in favor of plaintiff against the Southern Pacific Company in the sum of $1,750, and judgment was entered accordingly. The Southern Pacific Company in due time filed its motion for a new trial, which was by the court overruled, to which ruling the Southern Pacific Company duly excepted, and gave notice of appeal and has perfected its appeal to this court.

### Opinion.

Error is assigned to the refusal of the court to give the following requested charge:

"You are instructed that in passing on the issue of liability and of damages submitted to you, you will not consider any evidence as to the acts of the railroad conductor, the Pullman conductor, and the Pullman porter, in connection with the plaintiff, Mrs. Huggins, getting off the train at Sierra Blanca."

It is further submitted, in effect, that the Southern Pacific Company was not liable for any unseemly or improper conduct of the Texas & New Orleans Railroad Company's train conductor or the Pullman conductor in putting Mrs. Huggins off the train at Sierra Blanca, or for any humiliation or injuries which she may have sustained by reason of the Texas & New Orleans Railroad conductor and the Pullman conductor and Pullman porter failing to put her off and assist her in getting off the train in a proper manner, and

at a proper place and in a proper way, as the Southern Pacific Company could not have anticipated that, after she left the line of the Southern Pacific Company, she would have been injured, or humiliated, by any breach of duty in being discourteous and harsh or failing to exercise care to put her off in a proper manner, on the part of the said employees of such other companies.

This latter proposition may or may not be true as a proposition of law, but we feel that we are not called upon to pass upon it, and we do not do so apart from a consideration of the above refused special charge. We think the court was not in error in refusing to give the special charge. The charge does not specify the acts sought to be excluded from the consideration of the jury as being improper, or as causing Mrs. Huggins injuries or humiliation, or breach of duty, or being discourteous and harsh, or in which the employees failed to exercise care, as acts that could not be anticipated by the appellant. The special charge, in effect, was a general charge to find for appellant. If the jury was "not to consider any evidence as to the acts of the railroad conductor, the Pullman conductor, and the Pullman porter in connection with Mrs. Huggins getting off the train at Sierra Blanca, or in connection therewith," plaintiff would have no cause of action even for nominal damages. The charge does not limit the acts to be excluded to improper acts or conduct, and in that particular bears no relation to the acts or conduct which appellant submits it could not anticipate the Texas & New Orleans Railroad Company and the Pullman Company employees would do in ejecting Mrs. Huggins from the train.

The charge, if given, would have excluded the testimony of the train conductor in informing Mrs. Huggins that she was on the wrong train, must leave the train at Sierra Blanca, and all acts done and words spoken by the employees whether introduced by appellant or appellee, and would leave the jury to infer that Mrs. Huggins left the train voluntarily and without any suggestion from any of the train employees that she do so. Such is not the law as we view it. Nor do we think the special charge as framed is such as to suggest to the trial court the giving of a charge excluding from the consideration of the jury all acts, words spoken, or things done by the employees of the train crew that might be considered improper or a breach of duty on their part and not within the contemplation of the Southern Pacific Company, as suggested in its first two propositions.

It seems to us that a special charge deemed sufficient to suggest to the court the giving of a charge submitting a correct proposition of law as applied to the facts of a case, it should appear from the requested special charge that its purpose, though for some reason incorrect, was to have the court submit a charge embodying a correct proposition of

law as applied to the facts. But a special charge requesting the court to exclude all the evidence constituting the cause of action seems to us more like a general charge instructing a verdict, rather than a charge, the purpose of which is to suggest a proper charge.

Harmful error is suggested by the remark of one of counsel for appellee, in his argument in the presence of the jury, as to how the jury would feel if Mrs. Huggins had been their mother or grandmother, to which appellant's counsel objected, whereupon counsel for appellee said:

"I am going to state they would have felt angry about it, but Mrs. Huggins is not a relative, but they should have shown her the rights to which she is entitled for her age."

Appellant's counsel excepted to the remark and asked that the jury be instructed, in regard to any argument about Mrs. Huggins being a relative, that if she were a relative of theirs they would not be qualified to sit upon the jury. Whereupon counsel for appellee said: "I think the jury should be fair." The court instructed the jury not to regard the statement that they should be fair if she were a relative of theirs, to all of which argument appellant's counsel excepted. The court in approving the bill of exception adds the following explanation: Appellee's counsel in his closing argument stated, in substance: "Counsel for defendants say that you should not consider this case as if the plaintiff was your grandmother; I'll go further and say that I want you to consider it as if this lady had been the grandmother of your worst enemy."

The above statements of counsel for appellee were outside the record and wholly improper. In order to justify a reversal for improper argument of counsel, however, the record should show at least some substantial probability that the improper argument affected, adversely to the losing party, the jury's verdict. Thetford v. Modern Woodmen of America (Tex. Civ. App.) 273 S. W. 666.

The remaining propositions to be considered submit that the verdict and judgment are grossly excessive. The verdict and judgment is for $1,750.

In our opinion, the undisputed facts in the case would warrant a verdict and judgment for appellee and against appellant in some amount as damages. As said by the Court of Civil Appeals in Missouri Pacific Railway Co. v. Martino, 2 Tex. Civ. App. 634, 18 S. W. 1066, 21 S. W. 781, there is no rule in a case of this kind that determines when the amount awarded is excessive.

In Railway Co. v. Gilbert, 64 Tex. 541, it is said that it is difficult to compute in figures what sum will repay for physical and mental pain to which one is subjected; that

the value of time lost can be estimated, but damages for bodily pain and distress of mind must be left largely to the discretion of the jury. When they have not apparently abused this discretion, and no outside influences have been used to excite their passions or prejudices, the result of that discretion must control the judgment of the court on appeal.

We have found nothing in the record that suggests an abuse of the discretion accorded the jury in the trial of the case, and the judgment must be affirmed.

Affirmed.