GALVESTON, HARRISBURG & SAN ANTONIO RAILWAY COMPANY v. MRS. BILLIE BELL ET AL.

No. 2703.    Decided November 19, 1919.

(216 S. W., 390.)

#### 1.—Negligence—Proximate Cause—Foreseeing Possible Injury.

The test as to whether a given act may be deemed the proximate cause of an injury is simply whether, in the light of all attendant circumstances, the injury was such as ought reasonably to have been anticipated as a consequence of the act.    (P. 106.)

#### 2.—Same—Carriers of Passengers—Duty to Protect.

Where the conduct of a drunken and disorderly passenger, brought to the conductor's attention, is such as to show probability of a fight arising in a crowded car and of injury to some other passenger thereby, it is not necessary, in order to make the carrier liable for negligence in failing to protect passengers from such consequence, that the conductor should have been able to foresee the kind of fight, or how it would originate, or how a bystander would be injured in consequence.    (P. 106.)

#### 3.—Same—Case Stated—Question of Fact.

A drunken and disorderly negro passenger was admonished by the conductor and threatened with arrest, but not ejected from the car. The conductor leaving the car, he resumed the affray and was shot and killed by another passenger in apparently justifiable self defense. Plaintiff, a woman passenger, was injured by a shot fired at deceased in the fight. Held, that the question whether her injury was a proximate result of the conductor's negligence for which the carrier should answer was one of fact for the jury.    (Pp. 105, 106.)

Error to the Court of Civil Appeals for the Fourth District, in an appeal from Guadalupe County.

This suit was brought against the Railway Co. by Bell and wife for injuries received by the latter while a passenger on defendant's train.    The plaintiffs recovered and the judgment was affirmed on appeal by defendant, who thereupon obtained writ of error.    The case was referred to the Commission of Appeals, Section B, where an opinion was pronounced recommending affirmance; but this opinion was afterwards withdrawn and the case set down for hearing in the Supreme Court.

*Baker, Botts, Parker & Garwood,* and *Emil Mosheim,* for plaintiff in error.—The act of Willis by using insulting words to Banks, or by assaulting Banks, was not the direct or proximate cause of appellee's injuries. Appellant could not be expected to have anticipated any such occurrence, and therefore could not be held liable for the injuries received by appellee. Railway Co. v. Hall, 85 S. W., 790; El Paso Electric Co. v. Foth, 105 S. W., 322; Yellow Pine

Oil Co. v. Noble, 105 S. W., 318; St. L. S. W. Ry. Co. of Texas v. Hall, 92 S. W., 1080; H. & T. C. Ry. Co. v. Helm, 93 S. W., 698; Northern Traction Co. v. Nelson, 105 S. W., 846; G. C. & S. F. Ry. Co. v. Chinske, 114 S. W., 851; M. K. & T. Ry. Co. v. Rogers, 91 Texas, 58; M. K. & T. Ry. Co. v. McGlamory, 89 Texas, 637.

Under the law, appellant was not called upon to anticipate that, as a consequence of Willis' drunkenness, he would raise a difficulty with Banks, and that Banks, in defending himself, would shoot at Willis and injure appellee, and for this reason the peremptory instruction should have been given. Prokop v. G. C. & S. F. Ry. Co., 79 S. W., 101; Thweatt v. H. E. & W. T. Ry. Co., 71 S. W., 976; Putnam v. Railway Company, 146 S. W., 359; Sutherland on Damages, vol. 1, pp. 54-7.

*Greenwood & Short,* for defendants in error.—The damages alleged are not too remote, and the allegations and the proof show that the negligence of the agents and employees of appellant was the direct or proximate cause of the injury to appellee. Railway v. Bennett, 159 S. W., 132; Railway Co. v. Williams, 50 S. W., 732; Railway Co. v. Anthony, 57 S. W., 897.

It is immaterial as to whether Willie Banks, Louis Willis, or any other passenger on the train inflicted the injury on appellee, if such injury was caused by the negligence of the agents or employees of appellant in their failure to exercise that high degree of care the law demands for the safety of passengers traveling on railway trains. Railway Co. v. Thweatt, 71 S. W., 976; Railway Co. v. Russell, 28 S. W., 1042; Dillingham v. Anthony, 11 S. W., 139.

Mr. Chief Justice PHILLIPS delivered the opinion of the court.

Eliza Bell, while a passenger in a coach for negroes upon a train of the railway company, was injured by being shot during an altercation between Louis Willis and Willie Banks, two other negro passengers in the same coach. The suit was for damages on account of the injury.

Willis was drunk and had been making trouble in the car, cursing, and generally conducting himself in a way offensive to the other passengers. He became insulting toward Willie Dibrell, a negress, a friend of Banks, and finally sat down in her lap. Banks remonstrated with him and requested him to desist from annoying Willie Dibrell. He presently informed the conductor of Willis' conduct and the conductor ordered Willis to another part of the car. In a short time Willis resumed his offensive conduct and retook a seat on the arm of the seat occupied by Willie Dibrell. The conductor was again appealed to, and he threatened Willis with arrest. He did not eject him from the car. After the conductor left the car, Willis turned his attention to Banks. He cursed him for having caused the conductor's ordering him to move to another part of the

car, told him he was going to kill him, struck at him and made an apparent reach for a pistol. Banks thereupon shot him in his own defense and killed him. Banks was not indicted. When the conductor went out of the car he left Willis in close proximity to Banks, and, according to Eliza Bell's testimony, standing near her. Eliza Bell was wounded by a stray shot from Banks' pistol. The car was badly crowded with negro passengers. A judgment was rendered in favor of Eliza Bell and her husband.

It is urged by the railway company that if the failure of its servants to eject Willis from the car, or to resort to other means of protecting passengers from him, was negligent, as a matter of law it is not to be regarded as the proximate cause of the injury to Eliza Bell.

The test as to whether a given act may be deemed the proximate cause of an injury, is simply whether in the light of all the attending circumstances the injury was such as ought reasonably to have been anticipated as a consequence of the act.

The question of proximate cause here was one for the jury.

With a drunken negro of Willis' manifest character in the car, with his conduct known to the conductor, it did not require much foresight to see that some kind of a fight at his initiative was probable and would not long be postponed. It was not necessary that the conductor be able to anticipate the exact kind of a fight or just how it would occur. There is ample warrant in the proof for concluding that he was reasonably bound to anticipate Willis' having a fight with somebody. If so, he ought reasonably to have also foreseen that some innocent passenger might be injured in the course of the fight. That would not be an improbable consequence in a car crowded with passengers and with a drunken negro of Willis' sort a prime actor in the melee.

The judgment of the Court of Civil Appeals is affirmed.

*Affirmed.*