**HUTTON et al. v. BURKETT.** (No. 555.)

Court of Civil Appeals of Texas. Eastland. May 17, 1929.

Rehearing Denied June 7, 1929.

Saunders & Atchison, of Breckenridge, and J. Lee Cearley and D. K. Scott, both of Cisco, for appellants.

Conner & McRae, of Eastland, for appellee.

HICKMAN, C. J. In the court below appellee recovered judgment against appellants for $7,500 on account of personal injuries sustained by him while employed by appellants in drilling an oil well. The petition alleged that appellants, though eligible to be subscribers under the Workmen's Compensation Law (Rev. St. 1925, arts. 8306–8309), were not in fact subscribers thereunder, and the action was brought for damages on account of the alleged negligence of appellants. Sufficient facts will be stated for an understanding of the points decided in connection with the discussion of the several propositions urged.

■ One error assigned by appellants is admitted by appellee. That error relates to the provision of the judgment that the amount of damages found by the jury bear interest from the date of the injury to the date of the judgment. It is well established that such provision for interest is erroneous. Texas & N. O. R. Co. v. Carr, 91 Tex. 332, 43 S. W. 18; Watkins v. Junker, 90 Tex. 584, 40 S. W. 11.

Appellee files a remittitur of the amount of this interest and prays that the judgment be reformed so as to exclude this improper element, and, as reformed, that it be affirmed. Were there no error in the record requiring a reversal, this error could be cured by reforming the judgment; but, since we have determined that the case must be reversed on another ground, reformation in regard to the interest will not be ordered.

■ The first proposition for reversal complains of the definition contained in the court's charge of the term "proximate cause." This term was thus defined in the charge: "By the term 'proximate cause' is meant that cause which in a continuous sequence, unbroken by any new, independent cause, produces an event or injury, and but for which the same would not have occurred."

Appellants timely objected to this definition in writing, stating in their objection that: "The same is not a true and correct definition of 'proximate cause' and does not apply the definition of proximate cause to the facts in evidence in this case."

Appellee contends that this objection was too general to point out to the court the particular error in the definition complained of. But the matter was called to the attention of the trial court by appellants' special requested charge No. 1, in which a definition of the term "proximate cause" was requested. This special requested charge was as follows: "Gentlemen of the Jury: By the term 'proximate cause' as that term is used in the Court's main charge and other charges herewith given you, is meant that cause which is the natural and continuous sequence, unbroken by any new independent cause, produces an event, and without which that event would not have occurred; and in order to constitute proximate cause as that term is used herein the act or omission complained of must be such as that a person of ordinary care and prudence would anticipate that the particular injury complained of, or some similar injury, might probably result therefrom."

This requested charge was timely presented to, and refused by, the trial court. The objection to the definition in the court's charge, taken in connection with this special requested charge, sufficiently called the attention of the trial court to the error complained of. We think it is well settled by many decisions in our state that the element of "foreseeableness" is an essential element of proximate cause, and that the definition contained in the court's main charge was erroneous in omitting that element. Many cases could be cited, but the following will suffice: Seale v. Ry. Co., 65 Tex. 274, 57 Am. Rep. 602; Texas & P. R. Co. v. Bigham, 90 Tex. 223, 38 S. W. 162; San Antonio & A. P. Ry. v. Behne (Tex. Com. App.) 231 S. W. 354; Turner v. Stoker (Tex. Civ. App.) 289 S. W. 190 (error refused).

As we understand appellee's brief, it is not contended that the definition as contained in the court's charge was correct, but the contention seems to be that the error was harmless for various reasons. These reasons we shall notice briefly.

■ One of these reasons is based upon the contention that, since appellants, though eligible, were not subscribers under the Workmen's Compensation Law, it was necessary only for appellee to plead and prove negligence on the part of appellant, which occurred in the course of his employment, and it is immaterial whether such negligence was the proximate cause of the injury. We are unable to comprehend the force of this argument. The Workmen's Compensation Law takes from such employer the common-law defenses of contributory negligence, et cetera, but clearly, to our minds, does not undertake to authorize damages based upon negligence; that such negligence was the proximate against one not a subscriber without a show-cause of the injury. This contention is overruled.

■ It is claimed that the court should not have charged on proximate cause at all, because the evidence conclusively shows that the injury was the result of a particular act or omission, which act or omission was, without dispute, the proximate cause of such injury, and that therefore an error in improperly defining a term used in such immaterial issue is clearly harmless. We have just held above that, in order for a negligent act to be the proximate cause of an injury, it must appear that such injury, or one similar thereto, ought to have been foreseen in the light of the attending circumstances. In view of this holding it follows that, in order for a court to hold, as a matter of law, that a certain negligent act was the proximate cause of a certain injury, the facts must be so clear that reasonable minds could not differ as to whether the one guilty of the negligent act ought to have foreseen that the injury, or one similar thereto, would naturally result therefrom.

■ We have carefully examined this statement of facts to determine just how this injury occurred. To our minds the facts fall far short of being sufficient to convince us that reasonable minds could not differ on the question of whether appellants should have foreseen this injury as the natural and probable consequence of their negligent acts. The negligent acts found by the jury were: (1) In permitting the sprocket or appliances attached to the casing drum to become defective, and (2) in failing to repair said sprocket or appliances. The well-drilling machinery with which appellee was working was known as an Axtell Spudder. There were two drums constituting a part of this drilling outfit, each operated by a separate lever. Around one of these drums, called the casing drum, was wound a cable, at the end of which cable the casing, which was being lowered in the well, was attached by means of clamps. Around the other drum, called the drilling drum, was wound another wire cable, at the end of which was attached a string of tools used in the drilling of the well. By the operation of the respective levers, power was in some manner applied in such way as to cause the particular drum controlled by that lever to revolve. Appellee claims that there was a worn-out bearing in the sprocket connected with the casing drum, and that, in some manner, because of this defect, when he moved the lever for the purpose of causing this particular drum to revolve and raise the casing, the other drum revolved and lifted the tools from their position near the mouth of the well and dropped them on his foot. We find no testimony which convinces us that appellant should have foreseen that a worn-out bearing or sprocket in the casing drum would likely cause the drilling drum to revolve and thereby raise and lower the tools attached to it. Appellee himself testified: "That was the first time that had ever happened with me."

Appellee's witness Meadows, who was working with him and who was an eyewitness to the injury, undertook to explain just how this happened; but his evidence appears in the record in such form that it cannot be understood. He seems to have testified with reference to a model, which is not before us. His explanation of what produced the accident comes to us in this language:

"To explain to the jury what that spudder is, there is a lever that comes out here (indicating on a small model).

"The Court: The jury will not consider this model for any purpose other than to permit the witness to illustrate, if it does.

"The brake lever in front is our hoist clutch lever. There are two clutches like this. This one pulled back this way will operate the hoisting clutch or the drilling drum. The other will operate the casing drum. The casing drum here has a sprocket which runs with a chain from this hoisting clutch back in behind this (indicating). On this sprocket there is a brake drum on the outside of that which connects it to the outside of this sprocket. This sprocket here would throw the thing up if the bearing caught. We found out later that there was no bearing in it. It was only iron against iron. That was all there was. There was no bearing inside of it. We found out that later. In trying to operate this casing drum when we pulled the clutch in, when it would come up against the shaft or band wheel it was worn so that it had a tendency to catch on this and turn it completely over. The tools were supposed to be free, and this was supposed to run free on this (indicating). When that came up against that (indicating) it would raise this beam and throw it up so hard that— This brake drum is built onto the sprocket here. The sprocket would be from there. The sprocket was what was worn out. This is supposed to stand still while the tools are operating. This drum is supposed to stand still while you are operating a casing drum. If the sprocket had been in good repair there would have been a steady pull on it. It would not have come up with a jerk."

The question of whether the evidence was sufficient to support a jury finding of proximate cause is not before us, and we express no opinion thereon; but we do hold that such evidence is not of such a clear and convincing nature as that we would ourselves be authorized to hold, as a matter of law, that no necessity existed for submitting the issue of proximate cause to the jury. We think that in this case it was essentially a question of fact, which should have been submitted to the jury under proper instructions, and that the record does not affirmatively show that the improper definition contained in the court's charge was harmless. The rule is that error should be held to be harmless in those cases only where it affirmatively appears from the record that the appellant was not harmed thereby. Bell v. Blackwell (Tex. Com. App.) 283 S. W. 765.

By another proposition appellants present that the court erred in refusing to give in charge to the jury their special requested charge No. 18, which was as follows: "Did the defendants as co-partners on May 27th, 1927, have in their employ less than three employees?"

This special charge was refused by the court for the reason, doubtless, that the same issue had been submitted in another form in the court's main charge. The first special issue submitted in the main charge was as follows: "Did the defendants at the time of the accident have in their employ three or more employees? To which issue the jury answered: "Yes."

The rule is well established that a defendant is entitled to an affirmative submission of his defenses, and that, in respect to this right, he stands on the same footing as does the plaintiff with respect to his right to have his grounds for recovery affirmatively submitted. Fox v. Dallas Hotel Co., 111 Tex. 461, 240 S. W. 517. But it is equally well established that a court is not required to submit the same issue twice in different forms. We discussed this question in the case of Wichita Valley Ry. Co. v. Williams (Tex. Civ. App.) 6 S.W.(2d) 439 (error refused). Appellants' special requested issue No. 18 is substantially the same as special issue No. 1 in the court's main charge, and the court did not err in refusing to give both such issues in charge to the jury.

Error is assigned to the action of the trial court in overruling a special exception to that portion of appellee's petition which sets out the facts alleged to constitute negligence. The portion of the pleading excepted to was as follows: "That said sprocket, machinery, bearings and appliances that clamped to and surrounded the axis around which said drum that was used in raising and lowering the pipe were old, defective and worn out and plaintiff herein, on or about the time aforesaid, while in the discharge of his duties as an employee of defendants was directed by defendant, their agents and servants for whose act the defendants were responsible to lower some pipe in the well which they were then drilling and the plaintiff in the discharge of such duties operated the lever which was supposed to and which in reality had it not been for said defects in said machinery would have released said drum from the axis on which it revolved, and without any fault on the part of plaintiff, said drum began to revolve and raise the pipe for the purpose of lowering the same in the well that was then being drilled and without any knowledge or notice on the part of plaintiff, the drum to which the drilling tools were attached likewise were raised and caused to fall upon plaintiff's left foot, causing serious and per-

744

manent bodily and mental injury herein complained of."

The special exception says that such portion is insufficient in that the allegations are too general, vague, indefinite, and uncertain to place appellants upon notice of the acts of negligence relied on, and to apprise them in what way or manner it was claimed that said machinery and appliances were defective. The special exception further stated that all of said allegations were but a conclusion of the pleader. We believe this exception should have been sustained. Neither in the language above quoted nor elsewhere in the petition do we find any allegations showing in what manner the alleged old, defective, and worn condition of the sprocket, etc., caused the drilling drum to revolve. The petition should be amended so as to meet the exception.

For the errors above indicated, the judgment of the trial court is reversed, and the cause is remanded.