## HANSEN et ux. v. HOUSTON ELECTRIC CO. et al.

### No. 9559.

Court of Civil Appeals of Texas. Galveston. May 27, 1931.

Rehearing Denied July 2, 1931.

P. Harvey, of Houston, for appellants.

G. G. Gannon, S. H. German, and Baker, Botts, Andrews & Wharton, all of Houston, for appellees.

PLEASANTS, C. J.

This appeal is from a judgment of the court below sustaining a general demurrer to the plaintiffs' petition.

The suit was brought by appellants Hansen and wife against the appellee company and Pearl Mott to recover damages for the death of their son, which is alleged to have been caused by the negligence of the defendants. After the formal allegations naming the parties, the negligence of the appellee company upon which plaintiffs base their right of recovery against the company is thus alleged:

"That the defendant, Houston Electric Company, is and was on the dates hereinafter alleged, engaged in the business of transporting people for hire in street cars and motor

buses operated by said defendant on the streets and roads in the City of Houston and territory adjacent thereto, one line of the said defendant's motor buses being operated on what is commonly called the East Montgomery Road, which road passed alongside a public school known as the Jefferson School, over which route the defendant, Houston Electric Company, operated its motor buses at short intervals, said road being a public highway over which large numbers of other vehicles and pedestrians passed frequently.

"That on or about January 15, 1929, Joseph William Hansen, Jr., the minor son of plaintiffs, was in attendance as a pupil at the aforesaid school; the residence of the plaintiffs and of their said son being in the vicinity of said school, and on the opposite side of said road on which the school is located. That on or about the date last aforesaid, the plaintiffs' said son, then about nine years old, together with a large number of other children of about his age, were in the habit of going across said East Montgomery Road to an eating place located on the opposite side of said road from said school house, for the purpose of eating their lunches, at the regular recess time of said school for lunch, which was about 12 o'clock M., which was well known to the defendants, their agents and servants, or could have been known to them by the use of ordinary care. That there had been provided for the use and benefit of said school children, a gate in the fence enclosing the school yard, and a bridge across the ditch alongside the East Montgomery Road, directly in front of the said school house, which was for the use of and was used continuously by the children in attendance on said school in going across said road to the aforesaid eating place, and the said children had used said way for the purpose aforesaid for a long time prior to the time of the casualty herein complained of, and the use of said way and route by the said children was then and there well known to the defendants, their agents and employees, or by the use of ordinary care could and would have been known by them. That the place or path used by said children in going from said school to the aforementioned lunch stand, was not a regular or customary stopping place for vehicles or the buses operated by the defendant, Houston Electric Company, but, on the contrary, the regular stopping place for said buses was located some 200 feet distant from said gate, bridge and place where said children crossed said road, and in a southerly direction therefrom, and at the intersection of said East Montgomery Road with Jensen street, and it was the duty of the agents and employees of the said defendant, Houston Electric Company, to stop their buses at the said Jensen street intersection with said road, for boarding and alighting passengers, instead of stopping said buses at the aforesaid passageway provided for pupils of said school.

"That on or about January 15, 1929, the defendant, Houston Electric Company, its agents and servants, negligently and carelessly drove one of its buses to a point directly in front of the said gate in the said school yard fence and bridge over said ditch along the westerly side of the said East Montgomery Road, so that said bus, which was a large motor vehicle, completely obstructed the way of the school children and plaintiffs' son in reaching the lunch stand aforesaid; and on said day the plaintiff's son, as had been his custom and that of the other children of said school patronizing said lunch stand, came out of the aforesaid gate in the school yard fence and crossed over said bridge, and, his way being blocked by the motor bus of the defendant, Houston Electric Company, the plaintiffs' said son, after waiting awhile for the said bus to move out of the way, and the said defendant, its agents and servants having failed and neglected to so move the said bus, he went around the rear end of said bus, with the intention of continuing on his way to his lunch, and just as he stepped from behind the rear end of said bus, which was at the northerly end thereof (said bus being headed towards the City of Houston), the defendant, Pearl Mott, came driving a motor vehicle in a northerly direction along said East Montgomery Road at a high, dangerous and reckless rate of speed and ran into and over the plaintiffs' said son and dragged him along under the wheels and parts of said automobile until he was killed.

"That the proximate cause of the death of plaintiffs' son was the negligence of the defendant, Houston Electric Company, its agents and employees in charge of and entrusted by it with the operation and control of said motor bus, in stopping said motor bus at the place aforesaid and blocking the plaintiffs' son on his way to the lunch stand hereinbefore mentioned, and thereby causing him to pass around the rear end of said bus; thereby obscuring from his view the approaching vehicle of the said Pearl Mott, and creating, and causing their said son to be in, a dangerous situation by obstructing the view of others using said road and preventing the plaintiffs' son from being in view of the drivers of other vehicles using said road at said time and place, including the said Pearl Mott. That said bus at said time and place was so situated that it obstructed the view of the said Pearl Mott to such extent that she was thereby kept from seeing the plaintiffs' son until he had cleared the rear end of said bus, and was in close proximity to her car; and said bus also prevented the plaintiffs' son from seeing the oncoming car of the said Pearl Mott until she was so near he could not avoid being struck by her car; that if the

said bus had not been stopped and parked at the place aforesaid, the plaintiffs' son could and would have seen the car of the said Pearl Mott in time to have gotten out of her way and avoided being struck by the same. That if the defendant, Houston Electric Company, its agents and servants, had not stopped said bus at the gate and bridge aforesaid, blocking the way as hereinbefore alleged, the plaintiffs' son could and would have safely crossed said road before he was struck by said automobile driven by the said Pearl Mott. That if said bus had not been stopped at said place, the said Pearl Mott could have, in the exercise of ordinary care, seen the plaintiffs' son in plenty of time to have avoided striking him, either by stopping her car, slackening its speed, or driving around plaintiffs' son.

"That said East Montgomery Road was at said time one of the main highways leading into the City of Houston, over which road a large number of automobiles passed, and especially so at the place of said casualty, there being automobiles and other vehicles passing to and fro by said place at short intervals; that said road at said place is narrow, the part thereof used by vehicular traffic being not more than 20 or 25 feet wide; that the defendant, Houston Electric Company, its agents and employees, had operated motor buses over said road and passed said school for a long time prior to the injury to the plaintiffs' son, and said defendant, its agents and servants, knew, or in the exercise of ordinary care could have known, said facts above alleged; that the bus which the said defendant, Houston Electric Company's agent and employee stopped in front of said school as hereinbefore set out, was a very large and powerful motor vehicle, about 20 feet long and 8 or 9 feet wide, and when it was stopped at the place aforesaid, it occupied such a large part of said road as to obstruct the view of drivers of automobiles going in the opposite direction to such extent as to prevent the seeing of persons coming from behind the rear end of said bus until they emerged from behind the same, and the plaintiffs' son, when he emerged from behind said bus was in immediate and great danger of being struck down and injured by some of the passing automobiles; all of which was known to the defendant, Houston Electric Company, its agents and employees, or could have been known to them by the use of ordinary care. That on account of the large number of motor vehicles passing said place, the narrowness of the road, and the great bulk of said defendant's bus, the defendant, Electric Company, its agents and employees, in the exercise of ordinary care for the safety of the children, including plaintiffs' son, who were accustomed to use said passway as hereinbefore alleged, ought to have foreseen that the stopping of said bus immediately in front of said passway, and permitting the same to

remain parked there for the length of time herein alleged, would cause the plaintiffs' son, or some of the other children or persons in attendance at said school, in their accustomed use of said passway, to pass around said bus and come into great and immediate danger of being struck by passing automobiles when emerging from behind said bus as was done by plaintiffs' son; said defendant, its agents and servants well knowing, or by the exercise of ordinary care would have known, that those using said passway would, on being confronted with said bus blocking said passway, endeavor to pass around the same substantially in the manner that the plaintiffs' son did on the occasion in question, and come out from the rear of same into the line of said automobile traffic on said road at said place. That the driver of said motor bus was further negligent in that he stopped said motor bus so as to block said way as hereinbefore alleged; and kept said vehicle standing at said place for an unnecessarily long time, namely, from three to eight minutes, and long after all persons on said bus, if any, desiring to alight therefrom, had left the same, and those, if any, who were at said place to board said bus, had boarded the same; or had ample opportunity and time to do so.

"That the negligence of the defendant, Houston Electric Company, its agents and employees, in one or more of the particulars aforesaid was a direct and proximate cause of the injuries to and death of the plaintiffs' said son."

To this petition the appellee electric company presented a general demurrer, which was sustained by the trial court, and plaintiffs thereupon dismissed their suit against the defendant Pearl Mott and declined to amend its petition against the appellee company. The court then entered judgment in favor of both defendants, that plaintiffs take nothing by their suit.

■ We cannot agree with appellee company in its contention that plaintiffs' petition alleged no cause of action against it. As against a general demurrer every reasonable intendment must be indulged in favor of the petition. It is clear that under the allegations of this petition evidence would be admissible to show that the operative of appellee's bus had notice of the customary use by the children of the school, at the time the bus was stopped, of the passageway through the gate and over the culvert bridge immediately in front of the gate in going to their noonday lunching place, and that notwithstanding this knowledge the bus was unnecessarily stopped on the street in such position as to prevent the use of this customary passageway and to cause appellants' minor son, in attempting to reach the usual lunching place, to pass around the rear of the bus and to come in collision with a passing automo-

bile, the view of the approach of which was obstructed by the standing bus. The operatives of automobiles or other vehicles along a street adjacent to a school, at a time when they know or can reasonably anticipate that it will be used by children in going to or from the school, are charged with knowledge of the impetuousness, playful thoughtlessness, and lack of discretion of children, and in such circumstances ordinary care requires of such operative the use of every reasonable precaution to prevent injury to any of the children, and forbids the doing of any act which he could reasonably anticipate might cause injury to any of those children. The allegations of this petition are sufficient to admit evidence that this street was frequently used by a large number of automobiles passing in both directions across this passageway of the children, and was being so used by automobiles at the time appellee's bus was stopped thereon. We are unwilling to hold as a matter of law that upon such evidence the jury could not have found that the driver of the bus should have reasonably anticipated that stopping the bus across the children's passageway might cause children on their way to the lunching place to turn from their usual passageway and go behind the bus, and in coming around therefrom into the street on their way to the lunch ground, be struck by a passing automobile, the approach of which was obstructed by the unnecessary stopping of the bus. If the driver could have reasonably anticipated such result from stopping the bus at the place and time he did, such stopping of the bus would be a failure on his part to exercise ordinary care in its operation and would render the appellee liable for the result of such negligence of its driver. The negligence vel non of an act or omission not wrongful or unlawful per se must always be determined by the circumstances in which it occurs, and it is no answer to appellants' allegations of negligence contained in their petition in this case to say, that it is not negligence per se for the driver of a bus lawfully on a public street to stop the bus at any place on the street, provided he does not keep the bus standing on the street for an unreasonable length of time. While the length of time during which the bus obstructed the children's passageway might properly be considered in determining the questions of negligence in stopping it at the time and place alleged, no allegation of the extent of such time or the unreasonableness of its duration was required to show a prima facie cause of action, and it was not necessary as against a general demurrer for the petition to contain such allegations.

We think the principles of law announced in the following cases sustain the views we have above expressed: Seale v. Gulf, C. & S. F. R. Co., 65 Tex. 274, 57 Am. Rep. 602; Texas & P. R. Co. v. Bigham, 90 Tex. 223, 38 S. W. 162; Galveston, H. & S. A. R. Co. v. Bell, 110 Tex. 104, 216 S. W. 390, 391; Fort Worth Gas Co. v. Cooper (Tex. Civ. App.) 241 S. W. 282, 284; City of Dallas v. Maxwell (Tex. Com. App.) 248 S. W. 667, 670, 27 A. L. R. 927.

The judgment is reversed, and the cause remanded.

Reversed and remanded.