**DALLAS RY. & TERMINAL CO. v. STARLING.**

No. 11642.

Court of Civil Appeals of Texas. Dallas.
June 1, 1935.

Rehearing Denied June 29, 1935.

Worsham, Rollins, Burford, Ryburn & Hincks, of Dallas, for appellant.

Carden, Starling, Carden & Hemphill, of Dallas, for appellee.

JONES, Chief Justice.

On January 24, 1930, a collision occurred between a model T Ford coupé, owned and driven by G. C. Starling, appellee, and a Trinity Heights street car, owned and operated by appellant, at the intersection of Zangs and Page streets, in the city of Dallas. As a result of this collision, appellee's automobile was practically demolished, and he received personal injuries. In a suit in a district court of Dallas county to recover damages, both for the loss of property and for personal injuries received, appellee was awarded a judgment against appellant for the sum of $2,047, and from this judgment appellant has duly perfected an appeal. The following is a sufficient statement of the case to understand the issues involved on this appeal:

The collision occurred about 7:30 a. m. At the time, appellee was employed by an insurance company and had to report every morning at an office building in the city of Dallas. Appellee's adult daughter was employed by the telephone company in the city of Dallas, and had to report every morning at that building, and a son, George Starling, 16 years of age, attended the Oak Cliff High School. On the morning in question, appellee and his son and daughter were riding in the car, going to their respective destinations, appellee driving the car. Soon after leaving their home, appellee entered Page street, several blocks west of its intersection with Zangs, and traveled east on Page street to the point of collision. Appellant operated its Trinity Heights street car on Zangs street on a single track, for several blocks north of the Page street intersection.

On the occasion in question, appellant's street car approached the Page street intersection from the north at approximately the same time appellee approached such intersection from the west, appellee being on the right-hand or south side of Page street, and the street car being operated on its track in the center of Zangs street. At the time of the collision, the front end of the street car was near the south side of Page street. Appellee threw on his brakes when he saw appellant's car, before it entered the intersection, and, when about six feet from the track, swerved his car to the right, in an effort to avoid the collision, but the left front side of appellee's car collided with the right front part of the street car and the injury resulted; the car being thrown on the west parking of Zangs street, just south of the Page street intersection. The son, who was riding on the right side of the car, jumped out just at the time of the collision; the daughter riding between the other two occupants, fainted when she saw a collision would occur, and did not recover until some time after the collision. Appellee was found, after the collision, lying in the street, suffering from several injuries and in an unconscious condition. He remained unconscious until after he was taken to the hospital and for some time thereafter.

The evidence as to the rate of speed of both the street car and the automobile, just before and at the time of the collision, is in sharp conflict. As to the street car, the evidence varies as to its rate of speed, when it approached the intersection, from 10 miles to about 30 miles per hour; as to the automobile as it approached the crossing, from 15 miles per hour to about 30 miles per hour.

The case was tried to a jury, submitted on special issues, and the following are the findings:

Special issues Nos. 1 and 2. The defendant was negligent in respect to the speed of its street car at any time upon approaching, and in the immediate vicinity of, the point of collision with appellee's automobile, and such negligence was a proximate cause of appellee's injuries.

Special issues Nos. 3 and 4. The defendant was negligent in respect to giving warning of the approach of its street car to Page street, and such negligence was a proximate cause of appellee's injuries.

Special issues Nos. 5, 6, 7, and 8 submit the issue of discovered peril, and are answered in favor of appellant.

Special issues Nos. 9, 9a, and 10. The motorman in charge of the street car was negligent in respect to keeping a lookout for the approach of plaintiff's automobile toward the street car track; if the motorman had not been negligent, he would have seen the automobile in time so that he could and would, in the exercise of ordinary care, have thereafter slackened

the speed of the street car and avoided the collision, and such negligence, in not keeping a lookout, was a proximate cause of appellee's injuries.

Special issues Nos. 11 and 12. Appellee did not fail to exercise ordinary care for his own safety at the time and place in question, in the matter of keeping a lookout for the street car.

There were no issues numbered 13 or 14.

Special issues Nos. 15 and 16. The appellee, at the time and place in question, did not fail to exercise ordinary care for his own safety, in the matter of listening for the approach of the street car.

There were no issues numbered 17 or 18.

Special issue No. 19. Appellee failed to exercise ordinary care for his own safety, in reference to the speed at which he approached the street intersection in question.

Special issue No. 20. The failure of appellee to exercise ordinary care for his own safety, in reference to the speed at which he approached the street intersection, did not proximately cause or proximately contribute to cause the collision.

Special issue No. 21. The collision was not the result of an accident.

Special issue No. 22. Appellee's damages for personal injuries, reasonable expense for physicians, nurses, and hospital, are $2,000.

Special issue No. 23. The reasonable cash market value at Dallas of appellee's automobile, immediately before the collision, was $50; the reasonable cash market value at Dallas of plaintiff's automobile, immediately following the collision, was $3.

Both appellant and appellee filed motions for judgment on these findings. Appellant contended in its motion that the finding of the jury, in response to special issue No. 19, that appellee was negligent as to the speed of his car as he approached the point of intersection, entitled it to judgment, notwithstanding the finding of the jury, in response to special issue No. 20, that such negligence on the part of appellee did not proximately cause or proximately contribute to cause his injuries, for the reason that if appellee was negligent in the respect found by the jury, it follows, as a matter of law, that such negligence was a proximate cause of the injury received. The court overruled appellant's motion for judgment, and granted appellee's motion for judgment, thereby holding that the issue of proximate cause, in respect to appellee's negligence as to speed, was a question of fact to be determined by the jury.

These findings of fact by the jury are supported by substantial evidence and are adopted as the findings of this court. In this connection, the additional findings are made that Page street is paved and is the main highway that accommodates this section of the city of Dallas, in going to and coming from the city's main business section; that in the section of the city where the collision occurred, Zangs is not paved, but is a graveled street, and has not the extensive use as to traffic that a paved street has. Page street is approximately 26 feet wide, from curb to curb, and Zangs is approximately 10 feet wider. Appellant's motorman did not see appellee's automobile until just as the collision occurred.

The primary question to be determined, as presented by appellant's brief, is: Was appellee's negligence as to the speed at which he approached the street intersection, as found by the jury in response to special issue No. 19, as a matter of law, a proximate cause of the collision? The rule is that appellee is to be deemed to have been responsible for only such consequences of his conduct as he ought reasonably to have foreseen or anticipated. 30 Tex. Jr. § 47, p. 699, and authorities cited in note 2. In Galveston, H. & S. A. R. Co. v. Bell, 110 Tex. 104, 216 S. W. 390, Chief Justice Phillips, in announcing this rule, declares that: "As to whether a given act of negligence may be deemed the proximate cause of an injury is simply whether, in the light of the attending circumstances, the injury was such as should reasonably have been anticipated as a consequence of the act." Chief Justice Hickman of the Eastland Court of Civil Appeals announces the same rule in Hutton v. Burkett, 18 S.W.(2d) 740, 742: "In order for a negligent act to be the proximate cause of an injury, it must appear that such injury, or one similar thereto, ought to have been foreseen in the light of the attending circumstances."

It is settled law in this state that "foreseeableness" or "anticipation of injury" is a necessary element of proximate cause. Paris & G. N. R. Co. v. Stafford (Tex. Com. App.) 53 S.W.(2d) 1019; Texas Utilities Co. v. West (Tex. Civ. App.) 59

S.W.(2d) 459; Fort Worth & D. C. Ry. Co. v. Armitage (Tex. Civ. App.) 39 S. W.(2d) 108. In the case of City of Dallas v. Maxwell (Tex. Com. App.) 248 S. W. 667, 670, 27 A. L. R. 927, it is declared that: "In this state it is now a settled doctrine that anticipation of consequences is a necessary element in determining not only whether a particular act or omission is actionably negligent, but also whether the injury complained of is proximately caused by such act or omission." Associate Justice Sharp, when on the Commission of Appeals, in the case of Paris & G. N. R. Co. v. Stafford, 53 S.W.(2d) 1019, 1020, declares that: "The rule is well settled that foreseeableness or anticipation of injury is an essential element of proximate cause. * * *" This announcement is supported by a long line of cited decisions. Indeed, as we understand appellant's brief, it does not question this rule of law. The trial court recognized the rule as applying to the conduct of both appellant and appellee for, in defining the term "proximate cause," the necessity of anticipation is made an element of such definition.

Under the pleadings and evidence of this case, there was raised the issue as to whether appellee's conduct, in approaching the intersection of the two streets, was negligence in respect to the speed at which he was operating his car at such time. The court submitted this disputed issue to the jury by special issue No. 19, and the jury determined that appellee was guilty of negligence as to the speed at which he approached the intersection of the street. This finding may or may not have been sufficient, in itself, to bar appellee's right of recovery. Under the rule of law above announced, it would be sufficient if, as a matter of law, appellee ought to have foreseen that, by reason of the negligence of appellant's motorman in his failure to give signals of the approach of the street car to the street intersection, or that the motorman's negligence in respect to the speed at which he was operating the street car into the intersection, either or both would concur with appellee's own negligence as to the speed of his car, and thereby cause the collision.

On the other hand, if the evidence raises an issue as to whether a reasonably prudent person, situated and circumstanced as appellee was on the occasion in question, ought not to have foreseen that his own negligence, concurring with the negligence of appellant's motorman, in respect to a failure to give signals, or in respect to the speed of the street car, would probably result in the collision, then the issue of proximate cause would be a fact for the jury to pass upon.

The jury having found, in response to special issue No. 20, that appellee's negligence as to speed in approaching the intersection was not a proximate cause of the injury, the precise question for decision becomes: Is there any evidence which authorized the finding by the jury that appellee's negligence was not a proximate cause of the collision? As stated by Judge Sharp, in the opinion by the Commission of Appeals, in the case of Paris & G. N. R. Co. v. Stafford, supra: "The rule is generally recognized that whether a certain result could be anticipated from a given act or omission is usually a question of fact and becomes a question of law only when but one reasonable conclusion can be drawn from the facts."

In the instant case, upon a review of the facts and circumstances in evidence bearing on this question, is there no reasonable conclusion to be drawn therefrom, other than that appellee ought to have foreseen the resulting effect of his negligent rate of speed when he approached the street intersection? Let us examine the record and see.

The jury has found, on evidence sufficient to support such findings, that appellee did not fail to exercise ordinary care for his own safety in the matter of keeping a lookout for the street car, and that appellee did not fail to exercise ordinary care for his own safety in the matter of listening for the approach of the street car. It is elementary that appellee was not required, in the exercise of ordinary care for his own safety, to anticipate the negligence of appellant's motorman, either as to the failure to give warning signals that the street car was approaching the street intersection, or that it would approach and enter said street intersection at a negligent rate of speed. According to the findings of the jury, before appellee had entered the danger zone at a negligent rate of speed, he had looked for a street car and did not see such car; he had listened for the approach of a street car and did not hear the signals of such approach. Why did he not see or hear the

approach of the street car? Manifestly because of the negligence of appellant in the failure to give proper signals. If appellant's motorman had performed the duty owed to the traveling public, using the paved street intersecting the car tracks, to sound warning signals of the approach of the street car, appellee, under this record, would have had ample time to have checked his speed and avoided the collision. Appellee did not check his speed because he could not foresee appellant's negligent approach to the street intersection.

This is a case in which both appellant and appellee are guilty of negligence. The rule in respect to proximate cause in such a case is announced by our Supreme Court, in the case of Wells Fargo & Co. v. Benjamin, 107 Tex. 331, 179 S. W. 513, 514, as follows: "If each party to the suit was guilty of negligence, then it became a question for the jury to determine, the trial being had before a jury, whose negligence proximately caused the injury." This is necessarily true, because no duty rests on either party to assume that a negligent act would be committed by the other, and it necessarily becomes the province of the jury to determine which party ought to have foreseen that a harmful consequence would result from such negligent act.

We therefore conclude that the finding of the jury, that appellee's negligence was not the proximate cause of the collision, is a reasonable inference to be drawn from the evidence, and overrule appellant's assignments of error in respect to this issue.

■ Error is assigned on the alleged misconduct of the court, in the following proceeding:

After the jury had had the case under consideration for approximately three days, and after all of the special issues had been determined, except special issue No. 20 (which submitted the issue as to whether appellee's negligence as to speed in approaching the intersection was a proximate cause of his injury), the jury in open court and in writing submitted to the court the following query: "Would it be contradictory to answer No. 19 'yes' and to answer No. 20 'no'? (Signed) H. H. Watson, Foreman."

To this query, the court in writing gave the following answer: "Gentlemen: I have your question: 'Would it be contradictory to answer No. 19 "yes" and to answer No. 20 "no"?' It would not be contradictory."

Appellant objected to the court's answering the question, on the ground that it was improper to answer it at all, that it was improper and unnecessary to answer such question, as it was not proper information for the jury to receive, and further objected to any instructions or communication by the court to the jury. Appellant duly reserved its bill of exception to the action of the court in overruling its objections and in answering the question. The alleged error of the court was not embodied in the motion for a new trial, and appellee has objected to a consideration of the assignment of error in the brief, based on this bill of exception. We are inclined to believe that, under the circumstances, the assignment should be considered, and overrule appellee's contention in this respect.

It is not claimed that any harm resulted to appellant by virtue of the court's action. It is the duty of the trial court to prevent a mistrial of a case when the court can do so without circumventing any statute, and without prejudicing the rights of either party before the jury. After the court answered the inquiry, the jury again retired and in a very few minutes brought in their verdict answering special issue No. 20 "No." Evidently, the jury, as implied by the query, had determined the issue as to the proximate cause of appellee's negligence as to speed in favor of appellee, but thought that, if such answer was made it might contradict the answer to question No. 19, and only desired information on this point. When the answer to the query was given, the jury was just as free to answer issue No. 19 in the manner they believed it should be answered, from the evidence, as they were before the court's answer was given. We are inclined to agree with appellant that the court should not have answered the query at all, but we do not believe that such action on the part of the court is reversible error, and this assignment is overruled.

It necessarily follows that the judgment of the lower court should be affirmed, and it is so ordered.

Affirmed.

### On Rehearing.

In its motion for rehearing, appellant requests the court to make a number of additional findings of fact, and, in response

thereto, we further find that appellee, on the occasion of the collision of his automobile with appellant's street car, at the intersection of Page and Zangs streets, was familiar with this intersection and the conditions obtaining at such intersection, having passed over the intersection from once to twice a day for the preceding two years, and knew the location of the street car track, and also that street cars were operated thereon.

The request for other additional findings is not complied with, for the reason that they are either not considered material to the questions involved, or are mere deductions drawn from some of the witnesses. The motion for rehearing has been carefully considered, and is overruled.

Overruled.