PACIFIC GREYHOUND LINES, Inc., v.
VERMILLION.

No. 3267.

Court of Civil Appeals of Texas. El Paso.
Oct. 24, 1935.

Rehearing Denied Nov. 7, 1935.

Brown & ·Brooke, of El Paso, for appellant.

R. E. Cunningham, of El Paso, for appellee.

WALTHALL, Justice.

Appellee was a passenger upon a bus operated by appellant. He boarded the bus at El Paso, Tex., on May 16, 1934, going to Deming, N. M., about 100 miles from El Paso. He was seated upon the rear seat of the bus. Shortly after the bus passed Las Cruces, N. M., and while appellee was dozing, he was stabbed in the side by a drunken negro passenger who was also seated upon the rear seat. For the injury thus inflicted, he brought this suit against appellant to recover damages.

The jury found:

(1) The driver of defendant's bus failed to use a high degree of care to ascertain the condition of the negro passenger.

(2) The failure so to do was the proximate cause of the injury received by plaintiff. .

(3) $1,000 would reasonably compensate plaintiff for the stab received by him.

Judgment was rendered in plaintiff's favor for the sum stated upon which a remittitur of $150 was later entered.

It is asserted by appellant the first issue should not have been submitted and a peremptory charge in the defendant's favor should have been given.

The only witness to testify to the circumstances under which the assault was committed was the plaintiff. His testimony shows that it was sudden and unprovoked. It is argued by appellant the assault was so sudden it could not reasonably have been prevented by defendant's bus driver and actionable negligence therefore not shown.

This position would be well taken if the sudden and unprovoked nature of the assault was the sole determining factor upon the issue of actionable negligence. Ft. Worth & R. G. R. Co. v. Stewart, 107 Tex. 594, 182 S. W. 893; Arkansas P. & L. Co. v. Steinheil, 190 Ark. 470, 80 S.W.(2d) 921.

But, if the assault might reasonably have been anticipated and prevented by the exercise of ordinary care on the part of the driver of the bus, then the driver's failure so to do would be negligence. Galveston, H. & S. A. R. Co. v. Bell, 110 Tex. 104, 216 S. W. 390; Schaff v. Bourland' (Tex. Civ. App.) 266 S. W. 843.

In passing upon the sufficiency of the evidence to warrant the submission of the case to the jury, it must be borne in mind appellant owed appellee a high degree of care, and the evidence must be viewed in the light most favorable to appellee; that every inference fairly deducible from the same must be indulged in his favor. 3 Tex. Jur. p. 1049, § 741.

We will not undertake to quote the testimony at length. Briefly stated, it was shown that shortly after leaving El Paso the negro passenger drew a pint bottle of whisky from his pocket and commenced drinking. Shortly after leaving the station in Las Cruces, he finished drinking the contents of the bottle. When the bus stopped at Las Cruces, the negro got out of the bus and again boarded the same. In doing so, he passed by the driver. There was a rear view mirror in front of the driver which enabled him to see the passengers and observe their conduct. The negro became intoxicated and talked loudly.

In our opinion the testimony is sufficient to support the view that the driver of the bus knew or should have known the negro had become intoxicated and was disorderly. It is a matter of common knowledge that some men in such condition are frequently dangerous and prone to acts of unprovoked violence. It was not necessary that the driver of the bus should have anticipated the negro would certainly assault a fellow passenger in order to show negligence on the part of the driver. He might reasonably have anticipated the intoxicated negro would cause trouble and have a fight with some of the other passengers. The evidence was sufficient to carry the case to the jury upon the issue of the bus driver's negligence. Galveston, H. & S. A. R. Co. v. Bell, supra.

The only other assignment asserts the verdict is excessive and evidences passion and prejudice on the part of the jury.

It is true the wound inflicted upon plaintiff was not a serious one and he has entirely recovered. But it is impossible to estimate with exact certainty the damages which he should recover. Of necessity, the sum to be awarded must be left to the

314

sound discretion of the jury. International & G. N. R. Co. v. Gilbert, 64 Tex. 536, 541; Southern Pac. Co. v. Huggins (Tex. Civ. App.) 9 S.W.(2d) 382.

This court would not be warranted in holding the judgment to be excessive, especially in view of the remittitur entered. Nor can it properly be said the sum awarded by the jury is so grossly excessive as to show passion and prejudice.

Affirmed.