**KERRVILLE BUS CO., Inc., v. WILLIAMS.**

No. 11895.

Court of Civil Appeals of Texas. Galveston.

Nov. 13, 1947.

Rehearing Denied Dec. 4, 1947.

Dyess & Dyess, of Houston, for appellant.

J. A. Copeland, of Houston, for appellee.

MONTEITH, Chief Justice.

This action was brought by appellee, Annie Lee Williams, against Kerrville Bus Company, Inc., to recover damages alleged to have been sustained as a result of the negligence on the part of the agent and employee of appellant bus company in: Accepting a passenger aboard its bus while he was in a visibly intoxicated condition and in failing to eject him from the bus after the driver of the bus discovered that the person was intoxicated; in failing to exercise proper control of said intoxicated person while he was a passenger on said bus, and in failing to take the necessary and reasonable steps to protect appellee from harm, insults, abuse, etc., at the hands of said intoxicated person; and in negligently entrusting the operation, management and control of said bus to a driver who was careless, reckless, inexperienced, and unskilled in such matters.

Appellee alleged that she was traveling by bus from San Diego, California, to Houston, Texas, and that upon arrival at Pecos, Texas, she was transferred to appellant's bus, then being operated by its driver, W. B. Deal. She alleged that a man by the name of Ted Sommers boarded the bus

at Pecos and began drinking from a bottle of whiskey and became intoxicated and fell from his seat on several occasions; that on one occasion, in trying to raise himself from the floor, he violently grabbed appellee around the neck and choked her; that on another occasion he violently assaulted appellee, kicking her and striking her on her breast and her right side and the lower part of her back and legs; that the bus driver had actual knowledge of the fact that the drunken man was annoying, injuring and molesting her; that she sustained serious, painful, and permanent injuries as a direct and proximate result of the negligence and carelessness of the agents and employees of appellant in failing to protect her, and that she sustained injuries by being kicked by an intoxicated passenger on the bus, one Ted Sommers.

Appellant answered by a plea in which it alleged that the cause should be abated, because the plaintiff had failed to allege grounds warranting the prosecution of the suit by appellee in her individual capacity, and by a general denial.

The case was tried before a jury, who, in answer to special issues submitted found, in substance: That appellee had been abandoned by her husband prior to the filing of appellee's original petition; that the bus driver knew that appellee was so molested by such passenger prior to the time she was kicked by him, and that he could reasonably have foreseen and anticipated that Sommers would, in reasonable probability, injure appellee in the manner in which she was alleged to have been injured, or in some similar manner. The jury found that the bus driver had failed to use ordinary care to prevent such injuries to appellee; that such failure was a proximate cause of the injuries, and that appellee had been damaged in the sum of $2000, the amount for which judgment was rendered in appellee's favor.

Appellant contends, that under the undisputed evidence, the incidents out of which this suit grew were not foreseeable to appellant's bus driver prior to their occurrence, and that no act of omission or of commission could constitute negligence unless it was reasonably foreseeable to a man of ordinary prudence, that an injury such as that complained of would result therefrom.

At the time of the events complained of, and at the time of the trial of the case, appellee was a married woman. Her husband, Raymond Williams, who was not made a party of the suit, resided in San Diego, California. Appellee alleged that she was permanently separated from him, and that his whereabouts were unknown to her. She alleged that he had failed and neglected to join her or to assist her in the filing and prosecution of the suit. Raymond Williams filed an assignment of any interest he might have in this action prior to the trial.

In the case of Pacific Greyhound Lines v. Vermillion, Tex.Civ.App., 87 S.W.2d 312, error dismissed, the facts were similar in all material respects to those in the instant case. In that case a passenger who was seated upon the rear seat of a bus was stabbed in the side by a drunken negro passenger. A jury found that the driver of the bus had failed to use a high degree of care to ascertain the condition of the negro passenger, and that his failure to do so was the proximate cause of the injury received by plaintiff. One Thousand Dollars was held to reasonably compensate plaintiff for the injury received by him. The bus company contended that the assault was so sudden that the injury could not reasonably have been foreseen and prevented by its bus driver, and that therefore no actual negligence was shown. The court held that if the assault might reasonably have been anticipated and prevented by the exercise of ordinary care on the part of the driver of the bus, then the driver's failure to do so would be negligence. Citing Galveston, H. & S.A.R.Co. v. Bell, 110 Tex. 104, 216 S.W. 390; Schaff v. Bourland, Tex.Civ. App., 266 S.W. 843.

In passing upon the sufficiency of the evidence to warrant submission of the case to the jury, the court held that it must be borne in mind that appellant owed appellee a high degree of care, and that the evidence must be viewed in the light most favorable to appellee, since every inference fairly deductible from the same

must be indulged in his favor. Citing 3 Tex.Jur., P. 1049, Sec. 741.

Continuing, the court held that the testimony was sufficient to support the view that the driver of the bus knew, or should have known, that the negro had become intoxicated and was disorderly, and that it was a matter of common knowledge that some men in such condition are frequently dangerous and prone to acts of unprovoked violence; that it was not necessary that the driver of the bus should have anticipated that the negro would certainly assault a fellow-passenger in order to show negligence on his part; that he might reasonably have anticipated that the intoxicated negro would cause trouble and have a fight with one of the passengers, and that the evidence was sufficient to carry the case to the jury upon the issue of the bus driver's negligence. Citing the case of Galveston, H. & S. A. R. Co. v. Bell, 110 Tex. 104, 216 S.W. 300; Schaff v. Bourland, Tex.Civ.App., 266 S.W. 843.

In discussing the question of the liability of the carrier to its passengers for acts of fellow-passengers and third persons, it is said in 8 Tex.Jur., Page 794, 795, Sec. 580, that "Although the carrier is not liable as an insurer in this respect, a plain duty rests upon it to protect passengers, so far as is possible by the exercise of a high degree of care, from violence and insults of other passengers and strangers, and from dangers created by the wrongful acts of third persons. When injury therefrom should be anticipated, the carrier's employees, in the performance of this duty, should take proper measures to protect passengers from the acts of intoxicated persons. * * * However, in accordance with settled rules, the carrier is responsible in this class of actions only when its servants, or some of them, were present at the time, or knew or should have known of or anticipated the improper language or conduct, and could have prevented the same or obviated any harmful results." Citing Southern Traction Co., v. Coley, Tex.Civ. App,. 211 S.W. 265, error dismissed; Galveston, N. & S. A. Ry. Co. v. Bell, Tex.Civ. App., 165 S.W. 1, affirmed in 110 Tex. 104, 216 S.W. 390; Texas & P. Ry. Co. v. Baker,

Tex.Com.App., 215 S.W. 556; International & G. N. R. Co. v. Henderson, Tex. Civ.App., 82 S.W. 1065; St.Louis S. W. Ry. Co. v. Wright, Tex.Civ.App., 84 S.W. 270, error refused.

In discussing the degree of care which rests upon a carrier to protect its passengers from unjustifiable assaults, it is said in 8 Tex.Jur., page 797, Sec. 582: " 'The doctrine is that whenever a carrier through its agents or servants knows, or has opportunity to know, of a threatened injury, or might have reasonably anticipated the happening of an injury, to a passenger, and fails or neglects to take the proper precaution, or to use proper means to prevent or mitigate such injury, the carrier is liable.' " Citing: Pacific Greyhound Lines v. Vermillion, Tex.Civ.App., 87 S.W.2d 312; Galveston, H. & S. A. Ry. Co. v. Bell, 110 Tex. 104, 216 S.W. 390; Texas & P. Ry. Co. v. Baker, Tex.Com.App., 215 S.W. 556.

■ Under the above authorities, the test of appellant's liability to appellee in the instant case was whether the bus driver in the exercise of that high degree of care which is owed to its passengers, knew or had an opportunity of knowing that appellee was being molested, annoyed and interfered with by the intoxicated passenger, and whether he could and should have reasonably foreseen and anticipated that the intoxicated passenger would, in all reasonable probability, injure or harm appellee, and whether said bus driver failed to exercise that degree of care which was necessary to prevent such injuries to her by said intoxicated passenger.

■ In the instant case the jury found, upon which we deem to be sufficient evidence, that Ted Sommers, a passenger on said bus, was intoxicated on the occasion in question; that appellee was injured by being kicked by Sommers; that defendant's bus driver knew that appellee was being so molested, and that he could have reasonably foreseen and anticipated that Sommers would, in all reasonable probability, injure or harm appellee or some other passenger of the bus in the manner in which appellee was alleged to have been injured.

Appellant assigns error to the action of the trial court in refusing to charge the jury relative to the disorderly conduct of Ted Sommers, and as to whether a reasonably prudent bus driver should have anticipated that if Sommers were not removed from the bus such an accident as was alleged to have occurred would, in reasonable probability, have occurred.

■ This contention cannot, we think, be sustained. The record shows that appellant's only objection to the court's charge with reference to the issues complained of was "Because the charge of the Court, and no issue submitted therein, relates to the obligation of this defendant to its passenger Sommers."

Rule 274, Texas Rules of Civil Procedure, provides that: "A party objecting to a charge must point out distinctly the matter to which he objects and the grounds of his objection. * * * Where the objection made by the complaining party, or an instruction, issue, definition, or explanatory instruction requested by him, is in the opinion of the appellate court obscured * * * such objection or request shall be untenable. * * *"

■ Further, appellant had plead only a plea in abatement and general denial of the allegations contained in plaintiff's original petition, and, having rested its defense to the merits of appellee's cause of action solely on such general denial, appellant was not, under Rule 279, T.R.C.P., entitled to an affirmative submission of an issue on such defensive theory. Associated Employees Lloyds v. Aiken, Tex.Civ.App., 201 S.W.2d 856; Safety Casualty Co. v. Teets, Tex.Civ. App., 195 S.W.2d 769, writ refused; Hamill & Smith v. Parr, Tex.Civ.App., 173 S.W.2d 725.

Under its 18th point of appeal appellant assigns error in the action of the trial court in refusing to grant a new trial on account of newly discovered evidence.

The matters complained of by appellant under this assignment of error relate to appellee's alleged incapacity to file, maintain, or prosecute this suit because of her alleged coverture at the time of the filing of the suit, by reason of the fact that she was then married to one Raymond Williams.

■ It is the settled law in this State that the applicant for a new trial on the ground of newly discovered evidence must show that knowledge of the existence of the new evidence was acquired subsequent to the former trial and that it was not due to want of diligence that such evidence was not discovered and obtained in time to be used when the case was tried; that the new evidence is material and not merely cumulative, and that, if admitted, it would probably change the result of another trial. 31 Tex.Jur., Page 90, Section 81.

■ It must be further shown that diligence was exercised to procure the testimony for use at the former trial, and the burden is upon the movant to show that he exercised the required diligence. 31 Tex. Jur., Pages 95, 97, Section 84.

In 31 Tex.Jur., Pages 90, 91, and 92, Sections 81, 82, it is said: Such motions (motions for new trial) on the grounds of newly discovered evidence, says the Supreme Court, are received with careful scrutiny and are held to address themselves very much to the discretion of the court; and where the court has refused an application made upon this ground, the appellate court will not reverse unless it shall appear that the court below has not exercised its discretion according to the established rules of law.

This suit was filed on March 18, 1944, and appellant filed its original answer on April 12, 1944. The case went to trial on November 12, 1946.

■ The record shows that Raymond Williams, appellee's former husband, was interviewed at the request of appellant's counsel by a California attorney, Harry Horton, Jr., relating to the marital status of appellee and himself, their divorce property settlement, and his residence at the time of the filing of the suit. Appellant attached to its amended motion for new trial on the grounds of newly discovered evidence a letter received from the California attorney, and an affidavit executed by him in which he stated that Raymond Williams had made certain statements to him with reference to these matters, but that Raymond Williams had refused to make or sign an affidavit in support there-

of. Counsel for appellee states in his brief that, more than a month prior to the hearing of said amended motion for new trial, he agreed with appellant's counsel to waive all formalities for taking Raymond Williams' written depositions in order that interrogatories might be propounded to him eliciting the evidence claimed to have been discovered by the said Harry Horton, Jr.; that all formalities for taking said depositions were waived February 24, 1947, but that said depositions were never taken. In view of these facts we think there was no error in the action of the trial court in refusing appellant's amended motion for a new trial.

We have fully considered all other assignments presented by appellant in its brief not expressly referred to in this opinion. None of them, in our opinion, present error in the record which require a reversal of the trial court's judgment.

The judgment of the trial court is in all things affirmed.

Affirmed.