## STATE DEPARTMENT OF HIGHWAYS AND PUBLIC TRANSPORTATION, Appellant,

v.

## Floyd Neal MOSELEY, Appellee.

### No. 12–87–0002–CV.

Court of Appeals of Texas, Tyler.

Aug. 31, 1987.

Supplemental Opinion on Motion for Rehearing Oct. 12, 1987.

Rehearing Denied Nov. 3, 1987.

Richard D. Naylor, Asst. Atty. Gen., Austin, for appellant.

Thomas W. Hathaway, Hathaway & McClendon, Charles H. Clark, Frank McClendon, III, McClendon, Holland & Endres, Tyler, for appellee.

COLLEY, Justice.

Plaintiff/appellee Floyd Neal Moseley, an employee of the State Department of Highways and Public Transportation, intervenor/appellant, recovered judgment in a suit for personal injuries brought by Moseley against a third party. The judgment, based on a jury verdict, awarded Moseley prejudgment interest in the amount of $22,-042.18, past loss of earnings in the amount of $7,000, and accrued medical expenses in the amount of $38,466.93. Under the terms of the judgment the Department was granted a judgment over and against Moseley for the sum of $49,984.87 [1] for workers' compensation benefits and medical expenses paid to or for Moseley by the Department.[2]

The trial court refused to reform the judgment so as to award the Department a share of the prejudgment interest awarded Moseley. The order contained in the judgment is framed in the following language, to wit:

4. The Court is of the opinion and finds that the prejudgment interest as found and awarded by the Court in the Judgment dated October 2, 1986, should not be apportioned and divided between the Intervenor and Plaintiff, but that all of such prejudgment interest should be paid and awarded to the Plaintiff herein

---

1. Less $6,000 awarded Moseley for attorney's fees.

2. Under Tex.Rev.Civ.Stat.Ann. art. 6674s (Vernon 1977 & Vernon Supp.1987).

and Intervenor should be limited to the recovery of such workers' compensation benefits and medical and hospital expenses as actually paid by it.

The defendant paid the entire judgment, and neither Moseley nor the defendant appeals from that judgment.

In this limited appeal, the Department urges but one point of error, claiming the trial court erred in refusing to award it a proportionate share of the prejudgment interest granted by the judgment. We agree, and reverse the judgment, in part, and remand the cause with instructions.

No statement of facts [3] has been filed in this appeal, but the record contains a written agreement of the parties to the appeal providing for distribution of the judgment proceeds, save the sum of $17,089.30, representing "77.53% of the damages that had accrued at the time of trial [judgment]" which sum was, under the agreement, deposited into the registry of the trial court "pending the final disposition of the appeal [by the Department]." But the terms of the agreement plainly reveal that Moseley does not agree that should we decide that the Department is entitled to a share of the prejudgment interest award, that it is entitled to 77.53% thereof, or $17,089.30.

The Department argues that the trial court should have granted it judgment for its share of prejudgment interest in the sum of $17,089.30 representing 77.53% "of *all past damages* found by the jury," and prays that we reform the judgment so as to grant that relief insofar as that "part of the prejudgment interest attributable to medical expenses and compensation benefits" is concerned. The Department contends in essence that under *Cavnar v. Quality Control Parking, Inc.*, 696 S.W.2d 549 (Tex.1985), it is entitled to its fair share of the prejudgment interest damages awarded Moseley by the court's judgment, because its rights are derivative of Moseley's cause of action for personal injuries which terminated in the judgment. Moseley contends that a compensation carrier's right to subrogation is governed by Tex. Rev.Civ.Stat.Ann. art. 8307, § 6a [4] (Vernon Supp.1987), which reads in pertinent part:

Sec. 6a. (a) If the injury for which compensation is payable under this law was caused under circumstances creating a legal liability in some person other than the subscriber to pay damages in respect thereof, the employee may proceed either at law against that person to recover damages or against the association for compensation under this law.... If compensation be claimed under this law by the injured employee or his legal beneficiaries, then the association shall be subrogated to the rights of the injured employee, and may enforce in the name of the injured employee or of his legal beneficiaries the liability of said other person, and in case the recovery is for a sum greater than that paid or assumed by the association to the employee or his legal beneficiaries, then out of the sum so recovered the association shall reimburse itself and pay said costs and the excess so recovered shall be paid to the injured employee or his beneficiaries....

....

(c) If at the conclusion of a third party action a workmen's compensation beneficiary is entitled to compensation, the net amount recovered by such beneficiary from the third party action shall be applied to reimburse the association for past benefits and medical expenses paid and any amount in excess of past benefits and medical expenses shall be treated as an advance against future benefit payments of compensation to which the beneficiary is entitled to receive under the Act. When the advance is adequate to cover all future compensation and medical benefit payments as provided by this law, no further payments shall be made by the association but if insufficient, the association shall resume such payments when the advance is exhausted. The reasonable and necessary medical expenses incurred by the claimant on account of the injury shall be deducted

---

3. Properly certified in accordance with the applicable rules.

4. Hereinafter referred to as section 6a.

from the advance in the same manner as benefit payments.

Moseley argues that since section 6a "speaks of reimbursement to the carrier only as to monies expended," the statute does not permit the carrier [5] to recover any part of the prejudgment interest awarded the worker by judgment in a third-party action. In support of his argument, Moseley relies on *Fort Worth Lloyds v. Haygood,* 151 Tex. 149, 246 S.W.2d 865 (1952), and particularly the language found on pages 870–71, reading, "As to any excess above the amount necessary to make the carrier *whole,*[6] the statute requires the same to be paid to the injured employee, ... thus insuring for him the full and total amount of his damages suffered by the injury." (Emphasis ours.)

While section 6a does not expressly define the word "subrogation," it provides that if a worker, who has been paid compensation and medical benefits by a compensation carrier, recovers a judgment in a third-party action, "the net amount recovered by [the worker] from the third party action shall be [first] applied to reimburse the [carrier] for past benefits and medical expenses paid...." Section 6a(c). A carrier's right of subrogation was first created by the statute enacted in 1917.[7] The text of that statute, respecting subrogation, was substantially the same as that of the present statute. The Commission of Appeals in *Consolidated Underwriters v. Kirby Lumber Co.,* 267 S.W. 703, 706 (Tex. Comm'n App.1924, judgmt adopted), observed that the subrogation features newly incorporated in the statute were designed to prevent a double recovery by an injured worker. *See also Capitol Aggregates, Inc. v. Great American Ins. Co.,* 408 S.W.2d 922, 924 (Tex.1966). It seems quite clear that the court in *Haygood* concluded that the purpose of the subrogation rights given to the carrier by section 6a was to make the carrier whole.

*Cavnar* states, "... a plaintiff is not entitled to recover [prejudgment interest] on damages until those damages have actually been sustained. Until that time, the plaintiff has not lost the use of the money he ultimately recovers from the defendant." 696 S.W.2d at 554–555.

Any construction[8] of section 6a which does not allow a carrier prejudgment interest on benefits paid an injured worker beginning with the date of the payments, defeats the purposes of the subrogation provision. Under *Cavnar* and the provisions of section 6a, we hold that a workers' compensation carrier, as subrogee, is entitled to its proportionate share of prejudgment interest damages awarded the worker[9] on compensation benefits paid the worker by the carrier before the date of the judgment in a third-party action.[10]

Under the state of the record we are unable to determine the share of the prejudgment interest to which the Department is entitled. Thus, a hearing in the trial court is necessary to establish the dates and amounts of benefits paid by the Department so that an accurate determination of the Department's share of the prejudgment interest award can be made under *Cavnar* and this opinion.

The trial court erred in denying the Department's motion to reform the judgment so as to award the Department its proportionate share of the prejudgment interest. The judgment to that extent is reversed, and the cause is remanded for further proceedings consistent with this opinion.

### SUPPLEMENTAL OPINION ON MOTION FOR REHEARING

On August 31, 1987, we delivered our opinion in this cause. Timely motions for

---

**5.** Or a self-insurer under the Workers' Compensation Act.

**6.** At the time of the decision in *Haygood,* a plaintiff could not recover prejudgment interest on damages resulting from personal injuries. *Hutton v. Burkett,* 18 S.W.2d 740, 741 (Tex.Civ. App.–Eastland 1929, writ ref'd).

**7.** Acts 1917, p. 269.

**8.** After *Cavnar.*

**9.** In a judgment in favor of the worker against a third party for a compensable injury caused by the third party.

**10.** As defined in section 6a.

rehearing were filed by the Department and Moseley.

The Department contends we erred in remanding the cause for an evidentiary hearing to determine the Department's proportionate share of the prejudgment interest awarded Moseley by the trial court's judgment.

The Department argues that under *Cavnar v. Quality Control Parking, Inc.*, 696 S.W.2d 549 (Tex.1985), that we should have rendered judgment that the Department recover 77.53% of the sum of $22,042.18 (prejudgment interest awarded Moseley) or the sum of $17,089.30. The argument is that the Department, as a subrogee under the Workers' Compensation Act, is entitled to prejudgment interest on all benefits paid before trial to the injured worker with interest from six months after the date of the occurrence of the compensable injury.

Moseley claims that we erred in construing Tex.Rev.Civ.Stat.Ann. art. 8307, § 6a (Vernon Supp.1987) as authorizing a recovery by a compensation carrier of a proportionate share of prejudgment interest awarded a worker in a third-party action defined in that statute. We find no merit in either motion.

The Department's arguments are not persuasive. The court in *Cavnar* decided that a denial of prejudgment interest to an injured plaintiff deprived him of full compensation for his injury, and held that a plaintiff in a personal injury suit was entitled to prejudgment interest "compounded daily (based on a 365-day year) on damages *that have accrued by the time of the judgment.*" *Cavnar*, 696 S.W.2d 549 at 554.

The court went on to fix an accrual date in personal injury actions at "six months after the occurrence of the incident giving rise to the cause of action." *Cavnar*, 696 S.W.2d 549 at 555. The express reason for the arbitrary date upon which prejudgment interest begins to accrue was the difficulty in determining when (after the injury) a plaintiff sustains either pecuniary or non-pecuniary damages. Recognizing what it termed "the onerous burden" that would fall upon "the bench and bar" if a plaintiff was required to prove precisely when each element of damage was incurred, the court set an accrual date that theoretically "fairly compensates the plaintiff and avoids the difficulty of accruing [sic] prejudgment interest." *Cavnar*, 696 S.W.2d 549 at 555.

The accrual date for prejudgment interest was fixed by the Supreme Court because of the uncertainty of the time when actual *damages* are sustained by a plaintiff. In a subrogation case, such as this, the compensation carrier, although its claim is derivative of the worker's third-party action, sustains damages *if and when* it pays benefits to the worker. The carrier's damages are not uncertain either as to time or amount, and no "onerous burden" is cast upon the trial courts to determine a carrier's proportionate share of the prejudgment interest awarded to a successful plaintiff/worker in a third-party action. Indeed, full compensation to the subrogee is easily determined by mathematics. The motions for rehearing are overruled.