**Floyd Neal MOSELEY**

v.

**STATE DEPARTMENT OF HIGHWAYS & PUBLIC TRANSPORTATION.**

No. C–6989.

Supreme Court of Texas.

April 13, 1988.

Mike Hatchell, Ramey, Flock, Hutchins, Jeffus, Crawford & Harper, Tyler, Russell H. McMains, McMains & Constant, Corpus Christi, Frank O. McClendon, III, McClendon, Holland & Endres, Tyler, for petitioner.

Jim Mattox, Atty. Gen. of Texas, Richard D. Naylor, Asst. Atty. Gen., Austin, for respondent.

PER CURIAM.

This case concerns the right of a workers' compensation carrier to receive prejudgment interest as a part of its recovery in an action for reimbursement of compensation benefits and medical expenses paid to an injured employee, when the carrier intervenes in a worker's third-party action. The trial court denied the carrier's claim for prejudgment interest, but the court of appeals reversed. 738 S.W.2d 38. Pursuant to Tex.R.App.P. 133(b), we grant Moseley's application for writ of error and, without hearing oral argument, reverse the judgment of the court of appeals and render judgment in favor of Moseley.

Floyd Moseley was injured while working in the course and scope of his employment with the Texas Department of Highways & Public Transportation. He received workers' compensation benefits. When Moseley brought suit against the third party who caused his injuries, the Department intervened pursuant to Tex. Rev.Civ.Stat.Ann. art. 8307, § 6a (Vernon Supp.1985) to recover the workers' compensation payments and medical expenses previously advanced to Moseley. The trial court rendered judgment in favor of Moseley and, pursuant to a jury verdict, awarded him $157,009.11. Included in this sum was an award of prejudgment interest in the amount of $22,042.18. Out of Moseley's recovery the trial court awarded the Department $49,984.87, representing its subrogation claim for $11,517.94 past compensation benefits paid and $38,466.93 past medical expenses paid.

The trial court refused to award the Department a share of the prejudgment interest awarded Moseley. The Department appealed, and the court of appeals reversed the judgment of the trial court and remanded the cause to that court for computation of the Department's share of prejudgment interest.

In *Jones v. Liberty Mutual Insurance Co.*, 745 S.W.2d 901 (Tex.1988), we held that a workers' compensation carrier may not recover prejudgment interest under article 8307, § 6a. Accordingly, a majority of the court holds that the Department may not recover prejudgment interest from Moseley. The judgment of the court of appeals is reversed and the judgment of the trial court is affirmed. The application for writ of error filed by the Department is denied.